Ferguson v. Tarbox.

FRED W. FERGUSON v. M. H. TARBOX· *et al.*
No. 69.

1. FORECLOSURE — *First Mortgagee not a Party.* The holder of a first mortgage on real estate is not bound by a judgment rendered in an action brought for the foreclosure of a second mortgage upon the same premises, and his lien is not affected by the proceedings had therein, when he was not a party to such action and had no opportunity to be heard therein.

2. QUITCLAIM DEED — *Outstanding Equities.* One who accepts a conveyance of real estate by a quitclaim deed takes the same subject to such outstanding equities and interests as he might have discovered by the exercise of reasonable diligence.

MEMORANDUM.—Error from Phillips district court; A. C. T. GEIGER, judge. Action by M. H. Tarbox against Fred W. Ferguson and others on a note and mortgage. Judgment for plaintiff. Defendant Ferguson brings the case to this court. Affirmed. The opinion herein, filed May 5, 1896, states the material facts.

*H. A. Coates,* and *C. A. Lewis,* for plaintiff in error.
*G. A. Spaulding,* for defendant in error M. H. Tarbox.

The opinion of the court was delivered by

GARVER, J. : The judgment complained of in this case was rendered in an action brought by M. H. Tarbox against Fred W. Ferguson and others on a note and to foreclose a mortgage securing the same on a certain tract of land in Phillips county. The only question demanding consideration is whether Tarbox was barred from any right to maintain the action by reason of certain proceedings theretofore had in the district court of said county for the foreclosure of a second mortgage upon the same premises. It appears from the record that the note and mort-

gage held and owned by Tarbox were executed by
Thomas J. Dorsey and wife, the owners of the land,
in favor of one W. J. Neill, and were by Neill assigned
and transferred, by a written assignment indorsed on
the note and mortgage, to Tarbox.  The mortgage
was duly recorded in said county, but no public record
was made of the assignment.  Thereafter a second
mortgage on the same premises was executed by Dor-
sey in favor of the Kansas Trust and Banking Com-
pany for $1,000, which was assigned to the Mortgage
Trust Company of Pennsylvania.  Subsequently said
mortgage trust company began a suit in the district
court of Phillips county to foreclose its mortgage,
making W. J. Neill one of the parties defendant, Tar-
box not being a party.  Neill answered, alleging the
execution of the prior mortgage, its assignment to
Tarbox, and that Tarbox was the owner and holder
thereof.  One Hiram Bender, who voluntarily ap-
peared in said action, filed an answer setting up that
he was the owner and holder of the first mortgage of
$500, by assignment from Tarbox.  In said action the
judgment of the court recognized Bender as the owner
of the mortgage now claimed by Tarbox, and a decree
of foreclosure was entered in his favor thereon.  Judg-
ment was also rendered therein in favor of the mort-
gage trust company on its note and mortgage.  Under
this judgment a sheriff's sale of the premises was
made, for the consideration of $100, to E. G. Armsby,
secretary of the Kansas Trust and Banking Company,
and a sheriff's deed executed.  Armsby conveyed by
a quitclaim deed to the plaintiff in error, Ferguson, the
deed reciting that the conveyance was " in considera-
tion of $1 and other valuable considerations."  Im-
mediately after such conveyance Ferguson executed

a mortgage thereon to the Kansas Trust and Banking Company to secure the payment of a note for $1,000.

It is contended on behalf of Ferguson and the Kansas Trust and Banking Company that all claims based upon the mortgage sought to be foreclosed in the present action by Tarbox were adjudicated and barred by the judgment in the former foreclosure proceedings and the sheriff's sale made pursuant thereto. We think the record fails to sustain them in this contention. It appears from the evidence and the findings of the court that Tarbox was the holder and owner of this note and mortgage, at the time of the commencement of the former action, and continued to be such holder and owner ever since. The court also found that Ferguson and the Kansas Trust and Banking Company, as well as those through whom they claim, had notice of the mortgage lien of Tarbox on the premises before they acquired any interest therein. Bender appears to have been a mere intruder, without any right or interest whatever. Tarbox testified, without contradiction, that he did not know Bender, that he never had any business transactions with him, and that he never authorized Bender or any other person to represent him or his mortgage in the prior action. The only evidence offered or introduced in this case by the defendants was the record in the former action. This of itself proved nothing against Tarbox. He was not a party to such proceeding, had no notice thereof, and no opportunity to be heard. The parties to that action were expressly informed, by the answer of Neill, that Tarbox was the owner and holder of the note and mortgage claimed by Bender. This, at least, put one claiming under such proceedings upon inquiry; which, if properly pursued, would have led to knowledge of the truth. Under

such circumstances ignorance is wilful and does not excuse.

The conveyances under which the defendants claim appear to have been for mere nominal considerations. The purchaser at the sheriff's sale, in all probability, represented the company of which he was an officer, and the purchase was for its benefit. It is not reasonable to suppose that, being interested in the payment of the judgment, it would permit a stranger to purchase property for a consideration of $100 on which it was willing, as shown by the subsequent mortgage, to make a loan of $1,000. There is nothing to show who Ferguson was, or what relation he may have sustained to the other parties; but accepting, as he did, a conveyance by quitclaim deed, he was put upon his guard with reference to the title, and " he took it loaded with such outstanding equities or interests as he might have discovered by the exercise of reasonable diligence." (*Merrill v. Hutchinson*, 45 Kan. 59, 62; *Johnson v. Williams*, 37 id. 179.) No evidence was introduced on behalf of either of the defendants to show what inquiries had been made or what investigations pursued, or to show what notice had been received, or knowledge acquired, prior to their obtaining an interest in the land. If they occupied the position of innocent purchasers, under such circumstances as would estop the plaintiff from asserting any adverse interest in the premises, it devolved upon them to establish that fact. This they failed to do.

The judgment will be affirmed.

All the Judges concurring.