On the Merits.
This ease comes to us on an appeal by plaintiffs from a judgment against them based on the verdict of a jury. We have examined the record and find no ground upon which we could reverse it.
*954 Plaintiffs’ petition contains many allegations as to the defective construction of the building and its different parts, and as to the improper character of the appliances, and evidence was introduced endeavoring to sustain the same, but the conclusions we have reached do not call for any expression of opinion in respect to the same, for let their condition be what it might, such fact would not enter as a factor in the case, unless it should appear that the injury received was the result of the same. Nivette vs. New Orleans & Lake Shore Railroad Company, 42 An. 1153; Clements vs. Electric Light Company, 44 An. 694; Snider vs. Railroad Co., 48 An. 11. The mere fact of an accident does not carry with it a presumption of negligence or fault. The facts and circumstances connected with the accident must be shown so as to enable the court to trace results to definite causes. This has not been done in this case. We are unable to say how the accident occurred. The only person who seems really to have had any knowledge of it at all is the foreman Green. Though he was so excited and matters occurred so suddenly as to render his account not thoroughly reliable in all respects, yef it is clear and positive on certain points, and those negative the condition of things on which plaintiffs base their action. Plaintiffs’ contention is that the deceased, an inexperienced youth, was directed by his superior Green, the foreman of the establishnient, to hold a certain belt, as he, Green, laced it, while the shaft and other machinery was still in motion, revolving at a highly dangerous rate of speed — that the deceased, ignorant of the danger, obeyed; that the belt being of gum and in bad condition, it caught on the shaft and was twisted around it while rapidly revolving, throwing deceased, with great violence, against the roof, in consequence of the space between the shaft and the roof being so short as not to permit the passage of his body without striking. It is very evident, from the allegations of the petition itself, that the plaintiffs did not know themselves in what manner and under what circumstances the deceased became caught or entangled in the belt, for there was no attempt in the pleadings to set out the facts connected therewith, and they were left to be elicited, if possible, by the evidence. Green positively denies that he had either ordered the deceased to help him lace the belt or that he, in point of fact, did so; he says there was no need of his helping him, “ for if he had been holding it, witness could not have laced it; if he had been holding it *955 he would have borne it down on the shaft, and he (witness), could not have laced it.” He says that the belt, needing to be laced, he sent the deceased for a piece of lacing, and on his handing it to him he ordered him to remove some shavings which had accumulated around the particular machine he was in the habit of feeding; that he himself hung the belt free from the shaft and laced it tight himself ; that he then reached over and put it on the side of the pulley to throw it on, when in some way Henry got his hand on it and the result followed.
He says the thing occurred so quickly that he could not account how in the world he got his hand in it; he must have grabbed it in some way. That Henry was standing on the opposite side where he feeds the machine at which he works. It is plain that the deceased got entangled in the belt and was carried up by it to the shaft and that his body was repeatedly struck as it passed between the shaft and the roof, but the weakness of the case consists in no one knowing how he came to be so entangled. His duty did not call him to the belt ornear it. Green’s statement is extremely indefinite, but such as it is it is the only direct testimony on the subject. Discrediting it, striking it out, we have nothing left (Ferguson vs. Tarbox, 44 Pacific, 905). We have no reason to believe that the building with its accessories was not suitable for carrying out the purposes for which it was designed. It could scarcely be expected that those who constructed it should have done so with reference to the possibility of a human body being carried up and around a revolving shaft and that they should have left a larger space between the roof and the shaft than they did for the purpose of enabling a body to pass without being struck,' nor have we reason to suppose that the belt, assuming it to have been precisely in the condition which plaintiffs claim it to have been in, conld not have been safely used for months in the work for which it was designed. As no one would anticipate that it would slip off from the upper pulley and that just as it did so a heavy weight should be suddenly thrown upon it, no one would guard against that special contingency. We think’ the testimony shows that plaintiffs’ claim that the machinery should be stopped in a factory while belt connections between some of the smaller, shafts in the establishment are being made, is unreasonable. We think that the question as to what appliances are best to be used to guard against accidents while belts are being laced does not affect this case, *956 as the belt had already been laced and was being put on when the accident occurred.
It is not shown that any special scientific skill was needed in the discharge of the kind of work with which Green was entrusted. The evidence shows him to have been engaged about machinery for a number of years, with practical knowledge of his duty. He had been in the employ of this company for a long time and no accident of any kind prior to the one we are now called on to deal with is charged to have occurred during his administration — no failure of duty by him, either by way of omission or commission, has either been established or attempted to be established.
The accident was a deplorable one, but we do not think that defendants are responsible for it.
The judgment is affirmed.