# SAMUEL A. BUCK v. BESSIE L. TURRITIN AND OTHERS.[1]

May 16, 1924.

No. 24,023.

**Complaint states cause of action.**

>    The complaint alleges that one of the defendants paid to another defendant a stated sum upon a note owing him by her deceased husband, who died insolvent; that the other defendant, her father, was a surety upon the note; that the payment was a voluntary one without consideration; that she was largely indebted at the time; that the payment made her insolvent; that it was made with intent to defraud her creditors; and that the two defendants were conversant with the situation and participated in the transaction.   *Held* that the complaint states a cause of action.

Action in the district court for Hennepin county to recover $5,656. From orders, Nye, J., sustaining separate demurrers of defendants, plaintiff appealed.   Reversed.

*Homer Morris*, for appellant.

*William Furst* and *G. A. Will*, for respondents.

DIBELL, J.

The complaint alleges that the defendant Bessie L. Turritin paid $5,656 to the defendant H. E. Pence through the defendant Ira W. Bouck, her father, in fraud of her creditors.   There were separate demurrers by Bouck and Pence.   Each demurrer was sustained and the plaintiff appeals.

On February 15, 1922, the plaintiff recovered judgment against Mrs. Turritin for $13,358 upon a promissory note executed on January 1, 1921.   Execution was returned unsatisfied.   In October, 1921, she paid to her father Bouck and through him to Pence $5,656. This payment was without consideration.   It was upon a debt which her deceased husband Albert H. Turritin, who was insolvent when he died, owed Pence and upon which her father Bouck was surety.

[1]Reported in 198 N. W. 1006.

Mrs. Turritin was largely indebted to others, among them the plaintiff, and the payment rendered her insolvent. It is alleged that it was made in order to defraud her creditors. Bouck and Pence were conversant with the situation. They had full knowledge. Both participated. Both benefited.

The facts alleged show a gift fraudulent as to existing creditors. 1 Dunnell, Minn. Dig. §§ 3873, 3874. A voluntary payment of her husband's debt by a widow may be fraudulent as to her creditors. See Fidelity & Casualty Co. v. Thompson, 128 Cal. 506, 61 Pac. 94. A merely preferential payment is not fraudulent. Crookston State Bank v. Lee, 124 Minn. 112, 144 N. W. 433; Engenmoen v. Lutroe, 153 Minn. 409, 190 N. W. 894. The case does not involve, as the defendants argue, a preferential payment. The complaint states a cause of action.

Orders reversed.

The Chief Justice took no part.