[No. 12618.  In Bank. — February 26, 1889.]

78   287
137   279

78   287
149   575

MARINDA WOOD, Respondent, *v.* LORENZO PEN-
DOLA, Appellant.

Appeal from Judgment — Review of Findings. — When an appeal is from
the judgment only, and the ultimate facts found support the judgment,
the evidence cannot be considered to ascertain the significance of certain
probative facts found, if, as they appear in the record, there is nothing
to show that the ultimate facts were entirely based upon the probative
facts or controlled by them.

Trespass — Diversion of Water — Pleading — Conclusion of Law —
Findings. — When acts of trespass charged in the complaint in respect
to the diversion of water are not denied in the answer, defendant relying
upon a denial that they were wrongful or unlawful, findings as to the
title and prior right to the water in favor of the plaintiff are conclusive
of the contention made as to the trespass.

Appeal from a judgment of the Superior Court of
Calaveras County.

The facts are stated in the opinion of the court.

*Frank W. Street*, and *Ira H. Reed*, for Appellant.

*Reddick & Solinsky*, for Respondent.

Paterson, J.—The appeal from the order denying a
new trial has been dismissed. (77 Cal. 82.) The case
is before us now to be heard only on the judgment roll.

The action is to restrain defendant from obstructing
the flow of the waters of Coyote Creek into plaintiff's
ditch, to the extent of forty inches, measured under a
four-inch pressure. Plaintiff claims to be the owner of
a certain ditch, known as the Stranahan or El Dorado
ditch, and a certain water right. She charges defendant
with having diverted and turned all the waters of the
creek into ditches owned by the defendant, thereby pre-
venting the same from reaching her ditch.

The pleadings present four issues: 1. As to the own-
ership of the ditch referred to above, and the water right

appurtenant thereto; 2. Whether this water right is owned by the plaintiff or defendant,—whether plaintiff's right is prior to the water rights claimed by defendant; 3. Whether the Stranahan ditch or water right has ever been abandoned; and 4. Whether there have been acts of diversion as claimed by plaintiff.  Upon all of these issues the court below found the facts and determined the questions in favor of the plaintiff, and judgment went accordingly.  Appellant claims that the findings are insufficient to support the judgment, but this contention is not sustained by the record.

1. The court found "that at the time of the commencement of this action, the said plaintiff was for a long time prior thereto, and had been, and now is, the owner of the Stranahan ditch, and the water right belonging thereto."

2. Upon the second issue the court found as an ultimate fact that the water right referred to in the above finding, and owned by the plaintiff, was "the first right to the waters of Coyote Creek, to the extent of seventy inches, measured under a four-inch pressure."  A jury was called in to advise the court upon some of the issues. There was submitted to the jury the following question: "Has any person a prior right to the waters of Coyote Creek to plaintiff, Marinda Wood?"  To this question the jury answered No, and the court adopted the finding.

3. There was submitted to the jury the question whether any portion of the original water right, belonging to the Stranahan ditch, had ever been lost or abandoned by plaintiff, or any of her predecessors.  The jury answered that it had not been, and this finding was also adopted by the court.

4. The acts of trespass charged by plaintiff against defendant were not denied in the answer, defendant relying upon a denial that the acts charged were wrongful or unlawful; he claimed the right to divert and use all the waters of Coyote Creek.  The first three findings,

therefore, dispose of the contention made upon the fourth issue.

There are a great many probative facts among the findings, but the ultimate facts, as found, are as we have stated them, and there is nothing to show that the ultimate facts are entirely based upon the probative facts, or in any way controlled by them. We cannot look into the evidence to see the significance of the probative facts found by the court, and, as they appear in the record, they throw no light upon the main issues, and, as stated before, in no way limit the effect of the ultimate facts found.

Judgment affirmed.

WORKS, J., THORNTON, J., SHARPSTEIN, J., and McFARLAND, J., concurred.