ROBERT GREENTHAL *vs.* LINCOLN, SEYMS & COMPANY
ET AL.

Third Judicial District, Bridgeport, October Term, 1896. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The plaintiff alleged that he was "lawfully possessed" of certain goods
which the defendants forcibly took and carried away. The answer of
the defendants did not deny this possession, but justified the taking
upon the ground that they were creditors of the plaintiff's vendor,
whose sale to the plaintiff was made with the intent, participated in
by the latter, to cheat and defraud them. *Held* that while this issue
involved the good faith of the plaintiff as affecting his title, it did not
involve the question of a valid change of possession following the sale;
and that if the defendants had desired to raise this question, they should
have traversed the plaintiff's averment of possession. *Held* also, that
the conclusion of the trial court upon this point was not, as matter of
law, invalidated by certain facts tending to show continued possession
by the vendor.

The good faith of a party in making a contract is always to be determined
as a question of evidence, as to which (except in case of a sale not fol-
lowed by a delivery of possession which satisfies the law) the decision
of the trier is conclusive.

The institution of insolvency proceedings within sixty days after a transfer
of property made in violation of the insolvent law, does not render
such transfer void, but, at most, only voidable at the election of the
trustee.

Within sixty days of the defendants' attachment a trustee in insolvency was
appointed upon the estate of the plaintiff's vendor, and the defendants,
upon the demand of such trustee and in conformity to an order of
the Court of Probate, surrendered the goods to him. *Held* that inas-
much as it did not appear from the finding that the sale to the plaintiff
was made under such conditions as to render it voidable by the trustee,
the defendants' surrender of the goods to the latter could not avail
them in reduction of the plaintiff's damages. *Held* also that while the
court could not in the present suit settle the rights of the trustee as
against the plaintiff, it was proper to determine them as between the
parties to the action, in so far as they were involved in the pleadings.

[Argued October 28th—decided December 1st, 1896.]

ACTION in the nature of trespass *de bonis*, brought origi-
nally to the District Court of Waterbury and thence by the
defendants' appeal to the Superior Court in New Haven
County, and tried to the court, *Thayer, J.;* facts found and

judgment rendered for the plaintiff, and appeal by the defendants for alleged errors in the rulings of the court. *No error.*

The case is the same reported in 67 Conn. 372, in which a new trial was granted on the plaintiff's appeal.

After the cause was sent back to the Superior Court, a "revised answer" was filed, containing two defenses. The first was that on March 1st, 1895, the goods in question belonged to Henry Greenberg, who was then indebted to the defendants; that he then being in failing circumstances and insolvent conveyed and transferred the goods to the plaintiff, not in the regular course of business, but with a view to insolvency, and with intent to defraud the defendants, the plaintiff well knowing all this and accepting the conveyance with intent to aid Greenberg in avoiding the debt due to them; and that they attached the goods by due process as Greenberg's property, and did not otherwise convert the same.

The second defense, (which was pleaded as a partial defense only), after repeating the first defense, stated that on April 1st, 1895, Greenberg was thrown into insolvency before the proper Court of Probate, and a trustee in insolvency appointed, who shortly afterwards made demand on the defendants for the goods, as property of Greenberg, whereupon they delivered them over to him. All these allegations as to Greenberg's insolvency, and as to fraudulent intent or action on the part of either Greenberg or Greenthal, were denied by the reply.

The Superior Court found the following facts: On March 2d, 1895, Greenberg kept a retail tobacco and cigar store in Waterbury, and had been carrying on the same business there for a long time, holding a lease of the store. The stock on hand was worth $650. On that day he sold "said store of goods" to the plaintiff, for $1,000, giving him a bill of sale at 3 P. M., when he received payment in cash; and at the close of business, at 11 P. M., possession was delivered. The plaintiff at the same time made arrangements with the owner of the building for a continuance of the lease to himself. He bought in good faith, with no knowledge of Greenberg's intention in disposing thereof, and with no intention

to defraud or to aid Greenberg in defrauding the latter's creditors. He was a New York lawyer, and bought with the intention of establishing his son, who was also a son-in-law of Greenberg, in business there. This son was immediately placed in possession, as agent of the plaintiff, and so continued in possession until the attachment by the defendants which was the subject of the suit. Greenberg made said transfer with the view and intent to defraud his creditors; and after the transfer he left the State, making no provision for their payment. Previous to the transfer, the store had been directly conducted and managed for Henry Greenberg by his son, Samuel Greenberg, as his agent. After said transfer and until the attachment of the goods, Samuel Greenberg continued to remain in the store, and aided the plaintiff's son in the management of the business. The sign of Henry Greenberg was not removed from the front of the store, and no sign of the plaintiff was posted, except that a card about twelve inches long, with his name printed thereon, was placed across a mirror behind the counter in the store.

The defendants were creditors of Greenberg at the time of his sale to the plaintiff; and on March 6th, 1895, with notice of the sale and transfer, attached the goods as the property of Greenberg. On April 1st, 1895, Greenberg, upon a petition of certain of his creditors, was adjudged an insolvent debtor by the Court of Probate for the district of Waterbury, and a trustee in insolvency was appointed, who thereupon obtained from that court an order directing that the goods attached be delivered to him, as such trustee. They were then in the possession of the attaching officer, who turned them over to the trustee in consequence of this order, and they were then inventoried as part of the insolvent estate. The only damage proved by the plaintiff was the loss of the goods.

Upon this state of facts the defendants claimed and asked the court to rule, that said sale and transfer from Greenberg to the plaintiff was fraudulent and void because there had not been a sufficient change of possession to render it valid in law as against the defendants as attaching creditors; and,

if the court should not so rule, the defendants claimed and asked the court to rule that said sale and transfer was void as having been made within sixty days prior to said adjudi-cation of insolvency, and not being for the benefit of all said Greenberg's creditors; and that said property having been delivered to said trustee under the order of the Court of Probate, if the defendants' act in taking the property was tortious, the plaintiff could only recover nominal damages in this action, as he had proved no damage save the loss of the goods and their value. The court overruled these claims of the defendants, and rendered judgment for the plaintiff for the value of the goods, from which this appeal was taken.

*J. Gilbert Calhoun*, for the appellants (defendants).

The possession of the plaintiff under the sale to him by Greenberg, was merely colorable. *Ballard* v. *Winter*, 39 Conn. 182; *Mead* v. *Noyes*, 44 id. 489; *Norton* v. *Doolittle*, 32 id. 411; *Potter* v. *Payne*, 21 id. 376; *Capron* v. *Porter*, 43 id. 388; *White* v. *O'Brien*, 61 id. 37; *Heubler* v. *Smith*, 62 id. 190. All that the defendants admit in their pleadings, concerning change of possession, was that there was a bill of sale and a delivery of the keys; but claim that the transaction was fraudulent and void. In what way it was fraudu-lent they have not pretended to say, but they are certainly entitled to claim that such possession as was taken by the vendee was colorable only, and not a real or substantial pos-session. The delivery of the goods to the trustee of the insolvent estate of Greenberg was a defense, in whole or in part, to the action. *Cook* v. *Loomis*, 26 Conn. 483. The trustee had a claim on this property superior to that of the plaintiff. Gen. Stats. §§ 501, 525; *Millard's Appeal*, 62 Conn. 185; *Utley* v. *Smith*, 24 id. 310; *Hayden* v. *Allyn*, 55 id. 291. It was not necessary that the vendee should have acted in bad faith. *Robertson* v. *Todd*, 31 Conn. 559. This transfer was not made "in the regular course of business." *Babbitt* v. *Walbrun*, 1 Dill. 23; *Chevalier* v. *Commins*, 106 Cal. 585; *Hodges Bros.* v. *Coleman*, 76 Ala. 115.

*James E. Russell*, for the appellee (plaintiff).

One who has purchased property, paying an adequate consideration therefor, in good faith, without notice of the fraudulent purpose of the grantor, acquires a good title as against the latter's creditors. *Partelo* v. *Harris*, 26 Conn. 479.; *Sisson* v. *Roath*, 30 id. 15; *Quinnebaug Bank* v. *Brewster*, ibid. 559; *Hamilton* v. *Staples*, 34 id. 316; *Bloodgood* v. *Beecher*, 35 id. 469; *Knower* v. *Cadden Clothing Co.*, 57 id. 202; *Trumbull* v. *Hewitt*, 62 id. 448; 65 id. 60; *State* v. *Mason*, 34 Amer. St. Rep. 395, note; *Rice* v. *Wood*, 31 L. R. A. 609. The defendants' revised answer did not deny, and therefore admitted the plaintiff's possession. Practice Book, p. 16, Rule IV. § 4; *Greenthal* v. *Lincoln, etc.*, 67 Conn. 372. Whether there has been such a retention of possession as to make a sale colorable, must always be a question of fact for the jury. *Burrows* v. *Stoddard*, 3 Conn. 431; *Lake* v. *Morris*, 30 id. 201. The vendor was never in the store after he delivered the key to the plaintiff, nor did he afterwards in any way exercise acts of ownership over the store or goods. The possession of the plaintiff was actual, open, visible and exclusive. Inasmuch as the trial court declined to find the transfer was made with a view to insolvency, the trustee cannot avoid the sale; and therefore the surrender of the goods to the trustee cannot avail the defendants in reduction of damages. *Utley* v. *Smith*, 24 Conn. 290; *Hayden* v. *Allyn*, 55 id. 288; *Millard's Appeal*, 62 id. 184; *Owen* v. *Dixon*, 17 id. 492. The defendants having failed to successfully defend under § 2528, now seek to claim under § 501. If it should be admitted that the proceedings in the Court of Probate divested the plaintiff of the title to these goods, it would avail the defendants nothing; for title in a third person is no defense to an action for conversion, unless the defendants can in some manner connect themselves with such person and claim under him. They must stand on the strength of their own title and not on the weakness of their adversary's. *Union Stock Yards* v. *Mallory*, 157 Ill. 554, 48 Amer. St. Rep. 341; *Hostler* v. *Skull*, 1 Amer. Dec. 585, note; Pollock on Torts, 300.

BALDWIN, J. The complaint alleged that on March 6th, 1895, the plaintiff was lawfully possessed of the goods in question, and that the defendants then forcibly took and carried them away. The "revised answer," not denying his possession, justified the taking by attacking his title. Like the answer upon which the action was originally tried, this admitted, because it did not deny, that the plaintiff was in possession at the time of the attachment. *Greenthal* v. *Lincoln, Seyms & Co.*, 67 Conn. 372, 378. That such was the case is also expressly found by the trial court. The defendants insist, nevertheless, that the various circumstances detailed in the finding are such as to demonstrate that there was no sufficient change of possession under the sale, to render it valid as against their attachment. A merely colorable delivery will not support a sale against the vendor's creditors; but this is because, in such a case, he really remains, or is allowed to appear to them to remain, in possession. Neither the pleadings nor the finding afford any foundation for a claim that the possession of the goods in question, at the time of the attachment, was not fully in the plaintiff. Had it been intended to admit simply a formal change, but to deny that it was of so open, visible, and permanent a nature as to avail against attaching creditors, the answer should have traversed the averment in the complaint that the plaintiff was lawfully possessed of the goods at the time when they were taken. But, aside from this, the trial court has found that they were delivered to him in person on the day of the sale, and that he immediately put the store in the hands of his son, for whom he had bought it, who gave the defendants full information of the transfer to his father before they made their levy. That his son was the son-in-law of Greenberg; that the entire business was the subject of the sale; that Greenberg's son continued to take part in the management of the store; and that the old sign was not removed, nor any new one set up near it, are facts which the trial court, no doubt, carefully considered; but they are not sufficient, as matter of law, to show that its ultimate conclusions as to a change of possession were incorrect.

The main issues presented by the pleadings related to the good faith of the plaintiff as affecting, not his possession, but the title under which that possession was acquired. If he was a participant in the fraud of the vendor, he gained no title which an attachment could not defeat. There were circumstances strongly indicative of such participation; but the question was one of fact, and its decision by the trial court is not open to review on this appeal. Where the validity of a sale, as against the vendor's creditors, turns on the character of the possession delivered, the law lays down certain rules which a court of error can enforce, notwithstanding any deductions which a trial court may make from the established facts. *Mead* v. *Noyes*, 44 Conn. 487. But the good faith of a party in making a contract is always to be determined as a question of evidence, as to which (except in case of a sale not followed by a delivery of possession which satisfies the law) the decision of the jury or other trier is conclusive.

The claim of the defendants that the sale was void because insolvency proceedings followed within sixty days, was properly overruled. It was, at most, only voidable. *Greenthal* v. *Lincoln, Seyms & Co.*, 67 Conn. 372.

The second defense sought to reduce the damages, by reason of the surrender of the goods to the trustee in insolvency, and it is found that this was done in consequence of an order to that effect procured by him from the Court of Probate.

This order can be no justification as against the plaintiff, who was no party to the insolvency proceedings. If, however, the trustee in insolvency had become the real owner of the goods, their voluntary surrender to him, on demand, without process of law, would reduce the damages as effectually as if they had been given back to the plaintiff himself. The defendants were in no contract relation with the plaintiff which could affect their right to dispute his title. If the goods of *A* are wrongfully taken, when in the temporary possession of *B*, *A* is the party really injured. So if goods of *B* are wrongfully taken from his possession, but subsequently the title and right of possession are, by operation of

Greenthal v. Lincoln, Seyms & Co. et al.

law, transferred to *A*, they may properly be returned to *A*, on his demand. A trustee in insolvency does not stand in the position of an attaching creditor, with respect to a fraudulent transfer by the insolvent. Such a creditor has no right to hold the goods, except by virtue of his attachment. That gives him a lien, which may ultimately result in a transfer of title by means of an execution sale. But the trustee in insolvency acquires a title and right of immediate possession by virtue of his appointment.

In the case at bar, it appears that insolvency proceedings were commenced and an appointment made within sixty days after the sale and the attachment. The attachment was therefore avoided *ipso facto*, and the sale was voidable, at the option of the trustee, if the conditions existed which the defendants claimed. General Statutes §§ 523, 501, 505. These were that Greenberg was in failing circumstances when he sold out to the plaintiff, and did this with a view to insolvency, and not in good faith, in the usual course of business. Appropriate issues of fact were formed as to these points, and they have been found for the plaintiff. This left no question of law open, as to the amount of damages, and judgment was properly given for the value of the goods at the time of the attachment.

By demurring to so much of the second defense as set up the surrender in conformity to the order of the Court of Probate, the plaintiff might have raised the question whether the rights of the trustee in insolvency could be made the subject of inquiry in a suit to which he was not a party. Not having done so, it was proper for the trial court to determine them, so far as they were presented upon the issues joined. Such an adjudication could not settle what they were, as between him and the plaintiff, but is conclusive in that respect, as between the parties to this action.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.