[Sac. No. 451.   Department One.—November 22, 1898.]

COMMERCIAL BANK OF MADERA, Appellant, v. G. T. REDFIELD et al., Respondents.

APPEAL—REVIEW OF EVIDENCE—BILL OF EXCEPTIONS—SPECIFICATIONS.—A bill of exceptions containing no specifications of the insufficiency of the evidence to justify the decision, cannot be considered upon appeal for the purpose of reviewing the evidence embodied therein.

ID.—ADMISSIBILITY OF EVIDENCE—HARMLESS RULINGS.—Rulings against the admissibility of evidence are harmless, where the same facts are subsequently proved and included in the findings.

ID.—REVIEW OF FINDINGS—PROBATIVE AND ULTIMATE FACTS.—In reviewing the sufficiency of the findings to support the judgment, regard will be had to the ultimate facts found, and not to mere probative facts, which are not shown by the findings to be the only facts proved, from which alone the court finds the ultimate facts; and in the absence of such showing, the mere circumstance that some of the probative facts are inconsistent with the ultimate facts, will not prevent the ultimate facts found from controlling the probative facts.

FORECLOSURE OF MORTGAGE—ASSUMPTION OF MORTGAGE DEBT BY GRANTEES—DEFICIENCY JUDGMENT.—Deeds of mortgaged premises merely specifying that the lands conveyed are "subject to the mortgage," do not create any assumption of the mortgage debt by the grantees, or subject them to a deficiency judgment upon foreclosure of the mortgage.

ID.—SUBSEQUENT VERBAL PROMISE BY GRANTEE—WANT OF CONSIDERATION—FORBEARANCE TO SUE.—A subsequent verbal promise by the grantee to pay the mortgage debt, made without consideration, is not binding; and a subsequent voluntary forbearance of the plaintiff to sue, not based upon any promise of the grantee to pay the debt, nor made a condition thereof, cannot support the promise.

APPEAL from a judgment of the Superior Court of Madera County and from an order denying a new trial.   W. M. Conley, Judge.

The facts are stated in the opinion.

Robert L. Hargrove, for Appellant.

Bradley & Farnsworth, and Evarts & Ewing, for Respondent.

CHIPMAN, C.—Foreclosure of mortgage on real property. It appears from the findings that the promissory note and mortgage, the subject of the action, were made by defendants O. T. and Phebe Redfield to defendant Roberts, and by Roberts was assigned to plaintiff before the maturity of the note, with written guaranty of payment at maturity indorsed thereon. Included in the mortgage with other lots was lot 14, block 60, town of Madera. November 11, 1893, the Redfields (mortgagors) sold this lot to defendant Lazar Popovich, who promised the Redfields that he would pay the note and mortgage. June 28, 1894, Lazar Popovich conveyed said lot, consideration love and affection, to his wife, defendant Viola Popovich, the deed reading: "Subject to the mortgages on the same to the amount of three thousand and eighty-six dollars, and interest on the same." The finding is, that "she did not at that time, or at any other time, promise said plaintiff, Roberts, Lazar Popovich, or the Redfields that she would pay or discharge said note, or any part thereof." December 8, 1894, said Viola and Lazar Popovich conveyed a half interest in the lot to defendant Milan Vucovich, "subject to said mortgage." On or about May 24, 1895, said Milan "did verbally (and not otherwise) promise said plaintiff that he, said Milan Vucovich, would pay to plaintiff all sums due and to become due on said promissory note and mortgage; but said promise was without any consideration." On May 22, 1895, said Viola and Lazar conveyed to defendant Mitchell G. Vucovich the remaining half interest in said lot, subject to said mortgage, who entered into possession thereof. On May 24, 1895, Mitchell made a promise similar to that of said Milan Vucovich. Milan and Mitchell Vucovich composed the firm of Vucovich Brothers, and the same persons and defendant Marco Vucovich composed the firm of Vucovich Brothers & Co., and the finding is, that neither the partnership of Vucovich Brothers & Co. nor any member thereof promised to pay said note and mortgage.

As conclusions of law, the court found that plaintiff was en-

titled to judgment for the amount due against the Redfields and Lazar Popovich, and also judgment for any deficiency after sale of the premises; that said defendants Milan, Marco, and Mitchell Vucovich, Vucovich Brothers, Vucovich Brothers & Co., and Viola Popovich are not, nor is either of them, indebted to plaintiff; nor is plaintiff entitled to deficiency judgment against them or either of them. Decree was accordingly entered, from which plaintiff appeals, especially from that part carrying out the conclusions of law as to the defendants last abovementioned. The appeal is presented by bill of exceptions.

1. Respondents make the point that the bill of exceptions contains no specifications of the insufficiency of the evidence to sustain the decision, and cannot be considered except as to two alleged errors of law occurring at the trial. The point is well taken and is not controverted by appellant in its reply brief. (Code Civ. Proc., sec. 648.) We have examined the only two exceptions taken to rulings of the court upon the admissibility of evidence, and do not find it necessary to pass upon them, for it seems that the facts sought to be elicited by plaintiff were brought out later, and the court made a finding as to them. · The plaintiff as to these two errors says in its brief: "The judge of the trial court examined the witness Cox, and showed the forbearance intended by the questions specified in the exceptions." The appeal, therefore, is here in effect on the judgment-roll alone; and the only question we can consider is, whether the judgment is supported by the findings.

2. It is difficult to follow the argument of counsel for plaintiff in his contention that the findings do not support the judgment, because he refers frequently to the evidence set forth in the bill of exceptions which we are forbidden to consider. Still another embarrassment presents itself in the findings, as they contain some of the probative or evidentiary facts as well as the ultimate facts, and plaintiff refers to these probative facts. However much these probative facts might tend to establish plaintiff's contention, we cannot assume that they are the only facts upon the particular matter.

For example, finding 8 contains certain letters addressed to plaintiff—one signed "Vucovich Brothers, per M. G. V.," inclosing some interest money to plaintiff; another signed in the same

manner stating that they (who are meant by"they"does not clearly appear from the letters) would endeavor to meet the interest as soon as possible. These letters are no more appropriate as findings of fact than would be the testimony and statements of a particular witness. Evidentiary facts belong in the statement or bill of exceptions, but have no place in the findings; and unless the findings themselves show these probative facts to be the only facts proven, from which alone the court finds the ultimate fact deducible from them, they must be disregarded and cannot be looked to in this present case any more than evidentiary facts found in the bill of exceptions.

"The rule has been long settled that when the ultimate fact is found, no finding of probative facts, which may tend to establish that the ultimate fact was found against the evidence, can overcome the finding of the ultimate fact." (*Gill v. Driver,* 90 Cal. 72; citing *Smith v. Acker,* 52 Cal. 217; *Pio Pico v. Cuyas,* 47 Cal. 174.)

No question is raised as to the correctness of the findings and judgment as to the liability of defendants, the Redfields, and Lazar Popovich for any deficiency there may be after sale of the premises. The finding as to Viola Popovich and as to the copartnership firms named as defendants is that neither of them ever promised to pay the note and mortgage, or any part thereof. Appellant does not seriously contend that Milan and Mitchell Vucovich, who now own the property charged with the mortgage lien, assumed the payment of the mortgage debt by the terms of their deeds, for they took the land, as the deeds declare, "subject to the mortgage," and this phrase carries with it no assumption of the debt. (Jones on Mortgages, sec. 748; Pomeroy's Equity Jurisprudence, sec. 1205.)

But the claim is that by their words and their acts subsequently to their purchase they promised plaintiff to pay the mortgage debt. The ultimate facts as found by the court as to both these defendants is in the same language, as follows: "That after the purchase of said property, to-wit, on or about the twenty-fourth day of May, 1895, said . . . . did, at the town of Madera, . . . . verbally (and not otherwise) promise said plaintiff that he . . . . would pay to plaintiff all sums due and

to become due on said promissory note and mortgage, but such promise was made without any consideration whatever." The court then finds that Mitchell V. Vucovich wrote the letters referred to above (one dated May 27, 1895, and the other August 13, 1895), and the finding concludes as follows: "That said plaintiff did forbear and delay foreclosure proceedings upon said note and mortgage from the 24th of May, 1895, up to the commencement of this action (December 12, 1896); but such forbearance was purely voluntary on the part of the plaintiff, and was without any agreement whatever between the parties, and wholly without consideration." There is no finding that the forbearance was based upon any promise to pay, verbal or otherwise; nor that it was in consideration of any promise contained in these letters. The verbal promise found by the court contains no condition looking to forbearance, but was made without any consideration, as the court finds. The court found that the forbearance was purely voluntary and without any agreement between the parties, as well as wholly without consideration.

We do not see how we can look beyond these ultimate facts found by the court. If they are contradictory of or inconsistent with the letters or other probative facts, whether set out in the findings or in the bill of exceptions, the ultimate facts found must control for the reasons already stated.

Appellant claims that the finding that the promise was without consideration was outside any issue in the case and was reversible error.

As the case comes here, we cannot look into the bill of exceptions to discover under what circumstances the court permitted evidence to be offered to show want of consideration. We are of the opinion, however, that the consideration of the promise was sufficiently presented by the pleadings in the case as an issue for determination by the court.

Appellant presents many interesting and important legal propositions for decision, but we are precluded from giving them consideration, inasmuch as they require us to examine the evidence, which, as we have seen, we cannot do.

The judgment should be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Garoutte, J., Harrison, J., Van Fleet, J.

Hearing in Bank denied.