[L. A. No. 1733.   Department Two.—August 17, 1906.]

SARAH C. FORSYTHE, Administratrix of Estate of J. W. Forsythe, Deceased, Appellant and Respondent, v. LOS ANGELES RAILWAY COMPANY, Appellant, and LOS ANGELES HAY STORAGE COMPANY, Respondent.

ACTION FOR DEATH OF STREET RAILWAY PASSENGER—JOINT NEGLIGENCE —CONTRIBUTORY NEGLIGENCE.—In an action for the death of a street· railway passenger alleged to have been caused by the joint negligence of the street railway company, in collision of its car with the team and wagon of a storage company, although the storage company would be chargeable with contributory negligence in an action for loss of its team, yet, where the deceased was not chargeable with contributory negligence, the street railway company, whose negligence proximately caused the death of its passenger, cannot defend the action on the ground that the storage company contributed to the injury which resulted in the death.

ID.—CONTRIBUTION BETWEEN JOINT TORT-FEASORS—CONSTRUCTION OF CODE—PARTY AGGRIEVED.—The rule that there is no contribution between joint tort-feasors, is not changed by section 709 of the Code of Civil Procedure; and the street railway company is not a party aggrieved that can complain upon appeal from the judgment against it that no judgment was rendered against the storage company.

ID.—OBLIGATION OF STREET RAILWAY COMPANY TO PASSENGERS—BURDEN OF PROOF.—The street railway company was bound to use the highest degree of care for the safety of its passengers, and in case of an injury to a passenger from the result of a collision, the burden

is upon it to show that it was not guilty of any negligence which in whole or in part caused the injury.

Id.—Negligence of Motorman.—The motorman of the street-car did not exercise the highest degree of care to protect his passengers when, seeing the team of the storage company closely approaching the crossing with no evidence of the driver's intention to stop, and knowing that if he continued on his course a collision would be inevitable, he made no reasonable effort to avoid the collision, which he might have easily prevented.

Id.—Appeal from Judgment in Favor of Storage Company—Findings —Ultimate and Probative Facts—Affirmance.—Upon appeal by plaintiff from the judgment in favor of the storage company, where there was no motion for new trial, or statement of the evidence, but merely a motion to change the conclusions of law, and render judgment against it, and the ultimate fact is found that the collision and injuries to the deceased were not caused by its negligence, and there is no finding of probative facts necessarily inconsistent with the ultimate fact, or appearing to dispose of all the facts involved in the pleadings and all the facts in the case, the judgment must be affirmed.

APPEALS from a judgment of the Superior Court of Los Angeles County and appeal from an order refusing a new trial to appellant railway company. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Valentine & Newby, for Plaintiff, Appellant and Respondent.

Bicknell, Gibson, Trask, Dunn & Crutcher, for Railway Company, Appellant.

E. W. Freeman, A. D. Laughlin, and Henry J. Stevens, for Storage Company, Respondent.

McFARLAND, J.—On the sixteenth day of March, 1903, J. W. Forsythe, since deceased, was a passenger on a street-car of the defendant the Los Angeles Railway Company, which was running southerly on Main Street in the city of Los Angeles. He was seated in the front part of the car on the easterly side, and in a seat provided by the railroad company for passengers. As the car was crossing Seventh Street there was a collision between the car and a large heavily loaded wagon of the other defendant, the Los Angeles Hay Storage

Company, and driven by one of its employees; and by this collision the said Forsythe received injuries from which he afterwards died. This action was brought by his administratrix, who is also his widow, against both of said defendants to recover damages for his death, the plaintiff alleging that the death was caused by the negligence of both the said defendants. (For brevity, the said first-named defendant will be hereafter called the railway company, and the other defendant the storage company.) The case was tried without a jury, and the court found that the injuries were caused by the negligence of the said railway company, and that the other defendant, the storage company, was not guilty of any negligence in the premises. It found the amount of the damage to be four thousand dollars, to which finding no exception is taken; and it rendered judgment for plaintiff against the railway company for the aforesaid amount of money, but rendered judgment for costs against plaintiff in favor of the storage company. The defendant the railway company made a motion for a new trial, which having been denied, it appeals from the order denying said motion, and also from the judgment. The plaintiff being dissatisfied because judgment was not given her also against the storage company, moved the court, under sections 663 and 663½ of the Code of Civil Procedure, to amend the conclusions of law so as to show that plaintiff was entitled to judgment against both defendants; and this motion having been denied, the plaintiff appeals from the order denying it, and also from that part of the judgment which is in favor of the said storage company and against plaintiff, and which adjudged that the plaintiff take nothing against said defendant and that the latter recover its costs against plaintiff. Plaintiff did not make any motion for a new trial.

1. Appeals of the appellant the railway company.

This appellant saved a few exceptions to rulings as to the admissibility of evidence, but we do not think it necessary to notice these exceptions in detail, because they relate to trivial matters which could have had no effect upon the decision of the case. The main contention is that the evidence is not sufficient to support the finding that the collision was caused by any negligence of appellant; but this contention is not maintainable. No doubt, the appellant makes a strong showing that

the other defendant, the storage company, was guilty of negli-
gence which contributed to the accident; and in an action
brought by the storage company to recover damages from the
railway company for injury done to its team by the collision
the railway company would perhaps have a good defense in
the contributory negligence of the plaintiff in such an action.
But the deceased was not guilty of any contributory negli-
gence, and if the negligence of the railway company was a
cause of the damage, it has no defense to this present action
in the fact that the negligence of the storage company also
contributed to that damage.  This appellant must show that
it was not guilty of any negligence which in whole or in part
caused the injury; and we do not think that it makes such
showing.  It must be remembered that the deceased was a
passenger on appellant's car, and that it owed him the very
highest care.  Immediately before the accident the driver of
the hay-wagon going westerly along Seventh Street was about
forty feet distant from the point of the accident when he was
seen by the motorman of the car of the appellant, which was
coming at the rate of about eight miles an hour southerly on
Main Street towards the place where the driver would cross
Main Street if he kept on his course.  The motorman was
about one hundred and twenty-five feet from the point of the
accident when he saw the driver of the wagon thus closely
approaching the crossing.  Neither the driver nor the motor-
man made any effort to avoid the collision until it was too late
to accomplish that result.  The court found, and the evidence
supports the finding, "that said motorman seeing said hay-
wagon, did not check the speed of said car until it reached
Seventh Street, when he threw off the current; that neither
the said driver nor the said motorman made any attempt to
stop his respective vehicle until the same was so close to the
said point of accident that a collision was inevitable"; that
the motorman did not apply his air-brakes until he was nearly
at the center of Seventh Street, when he did apply the brakes
and "stopped the car within 15 or 20 feet," and that "when
the said motorman applied the air-brakes both the said car
and the said hay-wagon were within a few feet of the point
of collision."  Appellant contends that it was the duty of
the driver of the wagon to stop until the car had passed, and
that therefore the motorman was not negligent in continuing

at the usual speed; and there is a good deal of argument on the question whether or not the car had a right of way over the crossing superior to that of the wagon. These questions would be significant in an action brought by one of the two defendants against the other for damage to the plaintiff in such an action caused by the collision. But in the case at bar the railroad company should have exercised the highest care towards the deceased; and it certainly cannot be truly said that the motorman did exercise the highest degree of care to protect his passengers, when, seeing the team closely approaching the crossing, with no evidence of the driver's intention to stop, and knowing that if he continued on his course a collision would be inevitable, he made no reasonable effort to avoid such collision. Whatever chances he might have taken as to liability for damages to the team and driver, he had no right to expose his passengers to the danger of a collision which seemed likely to occur and which he might have easily prevented.

This appellant further contends that even if the judgment against it could be considered as right, still the court erred in not also rendering judgment against the other defendant, the storage company, because, as is claimed, the evidence showed that the said other defendant was also guilty of negligence which contributed to the injury. But the appellant is not a party aggrieved by the refusal of the court to give judgment against the storage company, even if such refusal could be considered erroneous as against plaintiff. It is beyond doubt the well-established general rule that there is no right of contribution between joint tort-feasors. Appellant contends that this rule has been changed by section 709 of the Code of Civil Procedure; but we do not think so. That section does not pretend to deal with the matter of the right of contribution between tort-feasors. Its plain intent is to simply provide that when there is a judgment against two or more defendants who are entitled to contribution from each other and one pays the whole or more than his proportion thereof, "the person so paying or contributing is entitled to *the benefit of the judgment* to enforce contribution or repayment, if within ten days after his payment he file with the clerk," etc. It simply gives to a judgment debtor entitled to contribution the summary remedy of using the judgment itself to enforce the

contribution, and relieves him of the necessity of pursuing some more tedious and inadequate proceeding for enforcing said contribution. It is only an amendment to the law of procedure; and the general rule is that an amendment to or provision in the law of procedure does not change the substantive law, unless the language used necessarily leads to that result. And it certainly cannot be said that the legislature while enacting section 709 as a part of the law of procedure necessarily intended to change, or did change, the fundamental principle that there is no right of contribution between joint tort-feasors. Moreover, the section in terms relates only to cases where judgments had been rendered, and therefore it does not apply to the case at bar.

2. The appeals of the plaintiff.

On these appeals plaintiff contends that the court should have given her judgment against the storage company as well as against the railway company. As this appellant did not move for a new trial, we cannot, on her appeal, consider the question of whether or not the evidence shows negligence on the part of the storage company; we can look only at the findings. Appellant contends that upon the findings judgment should have gone against the storage company. But the court found the ultimate fact that the collision and the injuries to the deceased "were not caused by the negligence of the defendant, Los Angeles Hay Storage Company, or by any of its agents, servants or employees, but solely by the negligence of the agents," etc., of the railway company. Appellant contends that this finding of the ultimate fact should be considered as overcome by certain findings of probative facts which are claimed to be inconsistent with the finding of the ultimate fact; but this contention cannot be maintained. The findings of the probative facts relied on are that the driver of the wagon saw the car approaching when it was about one hundred and twenty-five feet distant from the point of the accident, and did not stop his team, but did afterwards, when it was too late, attempt to stop, but "the wagon was loaded with three or four tons of hay and was of unwieldy bulk and weight, and was then so close to the track, and to the car of said defendant, the Los Angeles Railway Company, that before the wagon could be entirely stopped the end of its tongue struck said car and scraped along its side." In the first place,

it does not clearly appear that these findings of the probative facts are inconsistent with the finding of the ultimate fact. The railroad operated by the railway company was a street railroad, not a steam railroad running through the country at great speed and with heavy trains which cannot, like a street-car, be stopped within a short distance; and under the circumstances detailed by the findings we could not well say that the driver of the wagon did not exercise reasonable judgment in determining that he could pass the crossing before the car would reach him, and in not trying to stop sooner than he did. But, in the second place, the general rule is that the finding of the ultimate fact prevails in support of the judgment notwithstanding a finding of a probative or evidentiary fact which tends to show that the ultimate fact was found against the evidence. And findings of probative facts will not invalidate the finding of an ultimate fact unless the latter is based on the former, and is entirely overcome thereby, and unless, also, it appears that these findings of probative facts dispose of all the facts involved in the pleadings, and that the facts found constitute all the facts in the case. (*Semple* v. *Cook*, 50 Cal. 26; *Smith* v. *Acker*, 52 Cal. 219; *Wood* v. *Pendola*, 78 Cal. 287, [20 Pac. 168] ; *Commercial Bank* v. *Redfield*, 122 Cal. 407, [55 Pac. 160], and cases there cited.) And such a condition is certainly not presented in the case at bar.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.