[Civ. No. 1001.   Second Appellate District.—February 17, 1913.]

## JACOB GOODMAN, Respondent, v. D. V. DAILEY, Appellant.

CONTRACT NOT TO ENGAGE IN BUSINESS—ACTION FOR BREACH—FINDINGS
AND JUDGMENT.—In an action for breach of a contract not to engage
in the hotel business in a certain town so long as the plaintiff conducted a hotel therein, a finding that the plaintiff suffered damages
to the amount of thirteen hundred and nineteen dollars is not cut
down by a further finding that prior to the breach of the contract
he was making a net profit of two hundred and forty-two dollars
per month, which profits would aggregate only four hundred and
three dollars between the date of the breach of the agreement and
the commencement of the action.   The loss of profits, prior to the
filing of the complaint, is not necessarily the only element of damages, and it is not an ultimate, but a probative fact, as to which a
finding is immaterial.

APPEAL from a judgment of the Superior Court of Santa
Barbara County.   S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Preisker & Preisker, and W. P. Butcher, for Appellant.

Richards & Carrier, for Respondent.

SHAW, J.—Action for damages resulting from a breach
of contract.   Judgment went for plaintiff and defendant
prosecutes this appeal upon the judgment-roll.

As appears from the findings, defendant, who was conduct-
a hotel and lodging house in the town of Los Alamos, sold
the same together with the good will thereof, to plaintiff and
at the same time, in consideration of the purchase by plaintiff, agreed that he would not engage in a like business in said
town so long as plaintiff conducted a hotel therein.   Notwithstanding this agreement, defendant did, on May 1, 1910, while
plaintiff was engaged in said business, violate his agreement
by engaging in the hotel business in Los Alamos, as a result
of which plaintiff was damaged in the sum of $1,319.   In addition to these ultimate facts, which clearly support the judg-

ment, the court made a further finding as follows: "That prior to the opening of the said hotel by the defendant on May 1, 1910, the plaintiff was making and made a net profit of $242 a month from the hotel and lodging house business so conducted by him in said town of Los Alamos; that since the 1st day of May, 1910, and by reason of the wrongful acts of defendant, the plaintiff's business has been entirely destroyed and he has made no profits whatsoever." It is by reason of this finding, taken in connection with the time of the filing of the complaint and allegations thereof, that appellant claims the judgment should be reversed. Defendant, in violation of his agreement, opened his hotel on May 1, 1910. The complaint, filed June 22, 1910, alleged that by reason of defendant's wrongful acts plaintiff was damaged in the sum of two thousand dollars. Upon these facts appellant insists that, as plaintiff's profits prior to May 1st were two hundred and forty-two dollars per month, his right to recover damages was limited to the loss of profits computed upon the basis of two hundred and forty-two dollars per month for the period extending from May 1st to the filing of the complaint on June 22d, which, according to his figures, would be four hundred and three dollars; that it is thus apparent that the court in fixing the damage sustained by plaintiff at $1,319 based its action upon the loss of profits computed, not to the commencement of the suit, but to the date of the rendition of judgment, and that, as no supplemental complaint was filed, the damage found was in excess of that alleged in the complaint. The general rule is that a judgment cannot be properly rendered for damage in a sum greater than that claimed by plaintiff in his complaint. (*Foley* v. *Foley,* 120 Cal. 33, [65 Am. St. Rep. 147, 52 Pac. 122]; *Morenhout* v. *Barron,* 42 Cal. 491; 23 Cyc. 795.) Conceding the application of the rule to the case at bar, and leaving out the question as to whether or not the facts of the case bring it within the provisions of section 3283 of the Civil Code, that "damages may be awarded, in a judicial proceeding, for detriment resulting after the commencement thereof, or certain to result in the future," we are of the opinion that appellant's contention is without merit. The complaint properly alleged the making of the contract, its breach by defendant, and damages sustained by reason thereof in the sum of two thou-

sand dollars, all of which allegations the court finds to be true, except that the damage was fixed at $1,319. While the loss of profits was an element of the damage sustained, it was not necessarily the only element thereof. At most, it was evidentiary, and the profits per month made by plaintiff prior to defendant's breach of the contract, as found by the court, was not an ultimate fact, but a probative fact, and must, since the ultimate facts found support the judgment, be deemed immaterial. "The rule has been long settled that when the ultimate fact is found, no finding of probative facts, which may tend to establish that the ultimate fact was found against the evidence, can overcome the finding of the ultimate fact." (*Commercial Bank* v. *Redfield*, 122 Cal. 408, [55 Pac. 160, 162].) Every intendment is in support of the judgment. It cannot be said that the loss of profits prior to the filing of the complaint was the only element of damages, particularly since the court found that "by reason of the wrongful acts of defendant the plaintiff's business has been entirely destroyed." Certainly no complaint should be found with the amount of a judgment awarding damages in the sum of $1,319 on account of defendant's wrongful total destruction of a plant which yielded a profit of two hundred and forty-two dollars per month.

The judgment is affirmed.

Allen, P. J., and James, J., concurred.