[Civ. No. 8031. Second Appellate District, Division Two.—October 10, 1933.]

HOWARD WHITE et al., Appellants, v. HARRIETT B. ROSENSTEIN et al., Respondents.

Hyams & Himrod for Appellants.

Brown, Bissell & Berry and Whitson & Sims for Respondents.

STEPHENS, J.—In this suit it was sought to recover from a notary public or the notary's bondsman certain damages resulting from a transaction regarding real estate and an encumbrance thereon to secure the loan, in which the notary took an acknowledgment without knowing that the acknowledger was the person she claimed to be. The case was tried by the court without a jury and judgment was awarded plaintiffs. A motion was subsequently made by defendants under section 663 of the Code of Civil Procedure "for an order vacating and setting aside said judgment in favor of plaintiffs and against defendants and directing another and different judgment to be entered on the said findings of fact in favor of defendants and against plaintiffs". Such motion was granted and an order entitled "New and Different Conclusions of Law" was signed by the court holding that the specific facts set out in the findings of fact show that the proximate cause of the damages suffered by plaintiffs was the plaintiffs' own contributory negligence. The original judgment was set aside, and from the judgment subsequently entered pursuant to the new conclusions of law plaintiffs appeal upon the judgment-roll.

We have here a situation wherein the trial court has determined after judgment that the specific facts related in its findings show negligence on plaintiffs' (appellants') part, notwithstanding the ultimate finding of facts, and original opinion, that they were free from negligence. In other words, the court has sought to cause its conclusions of law to flow from its findings of specific fact instead of from its findings of ultimate fact. Read strictly, section 663 of the Code of Civil Procedure does not permit the court to go this far, as it specifically limits relief under it to cases where the judgment is *inconsistent with* or is *not supported by* the findings. There is plenty of authority to the effect that ultimate findings prevail over specific findings,

that the finding of the ultimate fact from all of the specific facts established at the trial is the province of the trial court and that the inclusion of probative facts in the findings is improper. However, upon good reasoning not necessary to be repeated here, the rule has been held in *Forsythe* v. *Los Angeles Ry. Co.,* 149 Cal. 569, at 575 [87 Pac. 24, 27], to be as follows, quoting: "[T]he finding of the ultimate fact prevails in support of the judgment notwithstanding a finding of probative or evidentiary fact which tends to show that the ultimate fact was found against the evidence. And findings of probative facts will not invalidate the finding of an ultimate fact *unless* the latter is based on the former and is entirely overcome thereby; and *unless* also it appears that the findings of probative facts dispose of all the facts involved in the pleadings, and [*unless*] that the facts found constitute all the facts of the case. (*Semple* v. *Cook,* 50 Cal. 26; *Smith* v. *Acker,* 52 Cal. 219; *Wood* v. *Pendola,* 78 Cal. 287 [20 Pac. 678]; *Commercial Bank* v. *Redfield,* 122 Cal. 407 [55 Pac. 160, 772].)" (Italics ours.)

 We shall proceed to examine the findings herein with this question before us: Are all of the requirements mentioned in the quotation from the Forsythe case present? The acknowledgment complained of was taken to a forged deed before the plaintiffs (appellants) came upon the scene. Plaintiffs (appellants), relying upon said deed, which had been placed of record, loaned $4,000 upon the security of such property to the record owner, the perpetrator of the fraudulent deed. Plaintiffs (appellants) had never met the record owner before negotiating with her for the loan. The deal was handled in the ordinary manner through a title company. Thereafter, a quiet title suit cleared the title to the real owner, and by reason of the loss of the security the plaintiffs lost their money. The plaintiffs (appellants) had no knowledge that the true owner was occupying the property or had possession thereof, but when one of the plaintiffs, together with her agent, went through the main house on the land they saw an elderly lady standing by the small rear house on the land, who asked about their mission. The agent told her that they were looking through the house, and nothing further was said or done. No investigation was ever made by plaintiffs as to the identity of the

elderly lady, but the plaintiff present thought she was a tenant. It is further found that the injury was not caused by plaintiffs' (appellants') negligence or contributory negligence.

Relating the findings to the requirements set up in the quotation from the Forsythe case, it does not seem to us that it is at all certain that the finding of ultimate fact is *based on* the probative or specific findings and "is entirely overcome thereby", nor that "it appears that the findings of probative [specific] facts dispose of all the facts involved in the pleadings", nor that "the facts found constitute all of the facts of the case". We are therefore of the opinion that the granting of the order permitting of another judgment was error. Section 663a of the Code of Civil Procedure grants the right of direct appeal from such an order, but as the appeal here is from the judgment only, we cannot consider this error. (Sec. 956, Code Civ. Proc., and sec. 481, Appeal and Error, vol. 2, Cal. Jur.)

We have carefully considered the authorities cited by defendants (respondents) upon the point that the facts revealed by the findings support the judgment, and while we do not agree with them on this point and think the facts in each of the cited cases are distinguishable from the facts specifically revealed by the findings here, this point is not before us. The appeal is upon the judgment-roll and the only point raised which we can take cognizance of is: Do the findings support the judgment? We have already seen that they do not, but that on the contrary they support the relief sought by the complaint.

The judgment is reversed and the cause remanded to the trial court, with directions to make and cause to be entered a judgment for plaintiffs and against defendants, as prayed for in the complaint.

Craig, Acting P. J., and Archbald, J., *pro tem.*, concurred.