[Civ. No. 10157.   First Appellate District, Division One.—January 8, 1937.]

MAE LAMANET, Appellant, v. LAURENT J. LAMANET, Defendant; ALFRED LAMANET, Respondent.

Milton Newmark and Andrew F. Burke for Appellant.

Edward A. McDonald for Respondent.

TYLER, P. J.—Action to recover certain personal property claimed to have been transferred contrary to the provisions of section 3440 of the Civil Code requiring an actual and continued change of possession. The appeal is presented on the judgment roll alone. From such of the facts as are reflected in the findings of the court it appears that in September, 1932, one Laurent J. Lamanet became the sole owner of an insurance brokerage establishment. During the following year he was taken ill and about to undergo a serious operation. At this time he was indebted to creditors of his business in the sum of approximately $4,200 and he was further indebted to his parents on a promissory note in the sum of $1,000. On account of his serious illness he desired to transfer his business to his brother Alfred Lamanet provided the brother would assume the said indebtedness and

carry on the said business thereafter. Accordingly, on the 16th day of June, 1933, the brothers entered into a written agreement by the terms of which Laurent J. Lamanet transferred to his brother Alfred all his right, title and interest in the business, including all the property thereof, together with the good will, and Alfred Lamanet accepted such transfer on the conditions agreed upon. Previous to this transaction, and in October, 1932, Mae Lamanet, the wife of Laurent, obtained a divorce from him and the decree awarded her $50 per month alimony. At the time of the transfer of his property to his brother, Laurent Lamanet had paid the awarded alimony in full and was in no manner indebted to his former wife in any sum. Some time thereafter the alimony payments fell in arrears, and on June 11, 1935, Mae Lamanet obtained a writ of execution on account of said arrears and levied upon the brokerage establishment conveyed some three years previously by her former husband as above recited. Alfred Lamanet thereupon filed a third party claim to establish his title to all the fixtures and furnishings and equipment of said establishment. After trial the court found that the property in question was the property of Alfred, and against the claim of the former wife of Laurent Lamanet. This appeal followed and as above stated is taken on the judgment roll alone.

Appellant Mae Lamanet claims that the findings of fact are insufficient to support the judgment on two grounds: 1. That the findings show affirmatively the transfer from Laurent to his brother Alfred was not accompanied by such immediate delivery and continued change of possession as to satisfy the requirements of section 3440 of the Civil Code and was therefore vulnerable against execution levy; and 2. That the findings affirmatively show that Alfred at no time was licensed to conduct an insurance brokerage business as required by the provisions of article XVI of chapter 3 of title 1 of the Political Code, particularly section 633a2 of said code.

Appellant, in support of her first contention, seeks to override the finding of sufficient delivery and continuous change of possession by the argument that the finding upon this subject is not a specific finding but a general one which is overcome by certain other alleged specific findings. These other findings relied upon are to the effect that after the assignment the business continued to be conducted and oper-

ated under the name of Laurent J. Lamanet and not under the name of Alfred Lamanet; that the name Laurent remained upon the door, and the stationery used in the business bore the name of Laurent. While it is true that the particular findings invoked are apparently inconsistent with the ultimate finding of the transfer and continued change of possession they are simply evidentiary in nature and may be regarded as surplusage. In resolving any apparent inconsistency between findings of ultimate and probative facts, the rule is that such probative facts are to be disregarded unless it appears that the ultimate fact was based exclusively upon the probative facts found and tend to show that the ultimate fact found was against the evidence. Here no claim is made of the insufficiency of the evidence inasmuch as the appeal is presented on the judgment roll alone, so that the sufficiency of the evidence to support the findings is admitted.

Where ultimate facts are found which are sufficient in themselves to support the judgment entered, the mere fact that the trial court also makes findings in which probative facts are incorporated which indicate that the ultimate facts are not sufficiently proved and an appeal is had upon the judgment roll alone, the probative facts set forth in the findings must be disregarded. (*Enterprise Foundry Co.* v. *Polly,* 73 Cal. App. 225 [238 Pac. 722] ; *White* v. *Rosenstein,* 134 Cal. App. 576 [25 Pac. (2d) 884].) We do not know what other evidence there may have been to sustain the finding of the ultimate fact and appellant makes no claim that the probative facts relied upon constitute the sole facts upon which the ultimate finding of change of possession was based. All intendments and presumptions are in favor of the judgment. This rule specifically applies to the construction of findings of fact to the effect that findings will be construed to uphold rather than to defeat a judgment. (*Fidelity & Casualty Co.* v. *Thompson,* 128 Cal. 506 [61 Pac. 94] ; *Ochoa* v. *McCush,* 213 Cal. 426 [2 Pac. (2d) 357].) The proof required to show actual and continued change of possession is not measured by any fixed set of rules. Dependence must be placed upon all the facts and circumstances of a particular case, and usually the determination must rest upon the finding of the court or the jury upon all of the evidence. (*McCaffey Canning Co.* v. *Bank of America,* 109 Cal. App. 415 [294 Pac. 45] ; *Forsythe* v. *Los Angeles Ry. Co.,* 149 Cal. 569

[87 Pac. 24].) ■ Moreover, it has been held that the retention of the vendor's sign is a mere evidential circumstance to be considered, but where the possession of the vendee is in other respects open, notorious and unequivocal, failure to remove the old sign should not control. (*Greenthal* v. *Lincoln,* 68 Conn. 384 [36 Atl. 813].) The same may be said of the circumstance that the vendor's stationery was used by the vendee. Upon this subject we conclude that the probative facts found, which are apparently in conflict with the ultimate fact, are insufficient to warrant a reversal. If the finding of an ultimate fact is unsupported, there is a means provided to bring the matter before us.

■ Nor do we think the fact that the license to conduct the business transferred was issued for the three years subsequent to the transfer in the name of the vendor rather than the vendee in any manner changes or alters the situation. Upon this subject appellant has cited us to numerous authorities to the effect that where a contract is expressly prohibited by law, no court of justice will entertain an action upon it, or upon any asserted rights flowing therefrom, and that as the grantee conducted the business in question without a license, in violation of law, for which he could be punished, the contract was against the mandate of the statute and therefore not the subject of any action. We fail to see, assuming that the vendee conducted his business in an unlawful manner after lawfully acquiring it, how this in any manner affected the prior transfer. The sale of the brokerage business was a lawful one, and the fact that the vendee thereafter failed to obtain a broker's license in order to properly conduct the business in no manner violated or affected the previous lawful sale. From what we have said it follows that the judgment should be and it is hereby affirmed.

Knight, J., and Cashin, J., concurred.