[S. F. No. 5641.   Department Two.—January 31, 1912.]

GEORGE W. DOW, Plaintiff, v. SUNSET TELEPHONE AND TELEGRAPH COMPANY (a Corporation), Defendant and Respondent, and OAKLAND GAS, LIGHT AND HEAT COMPANY (a Corporation), Defendant and Appellant.

JOINT TORT-FEASORS — CONTRIBUTION — SECTION 709 OF CODE OF CIVIL PROCEDURE CONSTRUED.—Section 709 of the Code of Civil Procedure does not enlarge the general rule against contribution by joint tort-

feasors. It simply announces a rule of procedure, and provides a convenient method of enforcing contribution by a judgment debtor who has paid a judgment as against a co-defendant or co-defendants liable for a proportion of the debt.

ID.—LIABILITY FOR JOINT NEGLIGENT ACT — SATISFACTION OF JOINT JUDGMENT BY ONE DEFENDANT.—A telephone and an electric light and power company, each of whom actively contributed to a negligent, tortious act resulting in personal injuries, are jointly liable therefor; and if one satisfies a judgment for such injuries rendered against both companies, no right accrues to it of enforcing contribution from the other. Section 709 of the Code of Civil Procedure does not give such right.

APPEAL from an order of the Superior Court of Alameda County denying a motion for contribution and execution. William H. Waste, Judge.

The facts are stated in the opinion of the court.

John J. McDonald, Samuel Rosenheim, Bernard Silverstein, Garret W. McEnerney, and Wm. B. Bosley, for Appellant.

Pillsbury, Madison & Sutro, for Respondent.

MELVIN, J.—On a former appeal in this case a judgment against both defendants was sustained. (*Dow* v. *Sunset Tele-Phone and Telegraph Co.*, a corporation, *and Oakland Gas, Light and Heat Co.*, a corporation, 157 Cal. 182, [106 Pac. 587].) Plaintiff thereafter collected the entire judgment from the Oakland Gas, Light and Heat Company. That corporation, pursuant to the provisions of section 709 of the Code of Civil Procedure, filed with the county clerk of Alameda County a notice of payment of the judgment, with instructions that he make an entry of its claim for one half of the amount of said judgment and costs against the Sunset Telephone and Telegraph Company. Subsequently a motion was made for an order directing the issuance of execution against the said Telephone Company for the amount claimed, and this appeal is prosecuted by the Oakland Gas, Light and Heat Company, from an order denying said motion.

The question, and the only question, presented by this appeal is this: Do the facts of this case place it within an exception

to the general rule that there can be no enforced contribution from one of two joint tort-feasors to the other after the latter has been compelled to satisfy the judgment? There is no question with reference to the scope of section 709 of the Code of Civil Procedure, for it has been held by this court that a rule of procedure and not a maxim of substantive law is announced by that statute. It simply provides a convenient method of enforcing contribution by a judgment debtor who has paid a judgment as against a co-defendant or co-defendants liable for a proportion of the debt. It does not enlarge the general rule against contribution by joint tort-feasors. (*Forsythe* v. *Los Angeles Ry. Co.,* 149 Cal. 572, [87 Pac. 24].)

Appellant contends and respondent concedes that in many jurisdictions the general rule regarding contribution among joint tort-feasors after payment of a judgment by one of them is subject to numerous exceptions. We need not, however, review the many interesting cases illustrating these exceptions which are cited and discussed in the briefs, because we think the law is settled in California regarding cases like the one at bar.

Plaintiff Dow was an employee of the Telephone Company defendant. He was sent to investigate some trouble with one of the telephone wires and was assured by his superior that the wire was not "hot," that is, not supercharged with electricity. While making an investigation, however, he was seriously injured by an electric shock received from one of the telephone wires which by the joint negligence of both defendant corporations had been permitted to come in contact with an electric light wire heavily charged with electricity. The Telephone Company had been, it is true, the original wrongdoer by stringing its wire in too close proximity to that of the other corporation, but after dangerous contact had been caused by the sagging of the telephone wire upon the improperly insulated wire of the electric light company in such a way as to produce an occasional or "bouncing" contact, a servant of the latter company discovered the danger and reported it to his superior, but no steps were taken either to change the position of the electric light company's wire or to notify the telephone company of existing conditions. Both companies were liable, but appellant insists that it was only passively guilty of a tort and that therefore it comes within an exception

to the general rule above stated. With this view we cannot agree. It was the separate duty of each to take thorough precautions. Any accident due to neglect of such duty made the corporations jointly liable. As was said by the court in *Fowden* v. *Pacific Coast Steamship Co.*, 149 Cal. 157, [86 Pac. 180], a case in which judgment had been rendered against two joint tort-feasors: "When we consider the nature of the liability of two or more persons jointly engaged in the commission of a tort, it is apparent that any such wrongdoer cannot at any stage of the proceedings insist that any or all of his associates in the act shall bear with him the burden of defending against the claim of the injured party or of compensating him for the injury. There is no right of contribution among them. They are all jointly and severally liable, as the injured party may elect. The injured party may sue all or any of them jointly, or each separately, or, having secured a joint judgment against all, enforce such judgment by execution against one only, the only limitation being that he can have but one satisfaction for the injury that he has received. Each of the joint tort-feasors being liable for all the damage, without regard to their different degrees of culpability, when his cause of action is satisfied as to one, it is satisfied as to all."

*Forsythe* v. *Los Angeles Ry. Co.*, 149 Cal. 573, [87 Pac. 24], is also authority for the doctrine that as between two tort-feasors there can be no enforced contribution. In that case the evidence showed that one Forsythe, a passenger on an electric car, received the injuries from which he afterwards died, by reason of a collision between the car and a wagon belonging to the Los Angeles Hay Storage Company. The administratrix of Forsythe's estate sued the railway company and the owner of the wagon. Judgment was rendered in her favor against the railway company, but judgment against her for costs was given in favor of the Hay Storage Company. From this judgment plaintiff and the railway company both appealed. Mr. Justice McFarland, who wrote the opinion of this Department (and we may say parenthetically that hearing in Bank was denied) used this language: "This appellant further contends that even if the judgment against it could be considered as right, still the court erred in not also rendering judgment against the other defendant, the Storage Company, because, as is claimed, the evidence

showed that the said other defendant was also guilty of negligence which contributed to the injury. But the appellant is not a party aggrieved by the refusal of the court to give judgment against the Storage Company, even if such refusal could be considered erroneous as against plaintiff. It is beyond doubt the well established general rule that there is no right of contribution between joint tort-feasors."

The above cited cases are in their facts sufficiently analogous to the one at bar to make them binding precedents. Nor are the expressions of the rule with reference to joint tort-feasors contained in the opinions in those cases mere *dicta,* as appellant would have us find. It is true that in the Forsythe case the court does construe section 709 of the Code of Civil Procedure as not being there applicable because that statute relates in terms only to cases in which judgment has been rendered, but before discussing section 709 of the Code of Civil Procedure at all, the opinion asserts the law to be that there is no right of contribution between joint tort-feasors in a case like that, and the declaration was absolutely basic and necessary to the conclusion reached by the court in the determination of the vital question then before it,—namely, was the judgment in its essence of no avail unless granted against all who proximately contributed to the injuries which caused Forsythe's death. In the Fowden case this court decided that the general rule with reference to joint tort-feasors applied when a new trial had been granted to one of them. It was not a conclusion upon a collateral matter—not a *dictum,* but a necessary element in the decision of the case on appeal. If the opposite rule had been declared, the cause necessarily would have been decided the other way.

The law being thus settled in California, we need not examine the decisions in other states, wherein the general rule which we have been discussing is given many shades of variation and exception.

From the foregoing it follows that the order denying execution is affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.