508

### SCHROEDER v. MID-HUDSON PACK-ING CO., Inc. (KARP et al., third party defendants).

United States District Court
S. D. New York.
Dec. 5, 1952.

Lord, Day & Lord, New York City, for plaintiff.

Hyman L. Zoloto, New York City (Irving L. Golomb, New York City, of counsel), for defendant and third-party plaintiff Mid-Hudson Packing Co., Inc.

Powers, Kaplan & Berger, New York City (Moses S. Finesilver and Irwin Leibowitz, New York City, of counsel), for defendants Jacobson and another.

LEIBELL, District Judge.

This is a motion made by two third-party defendants [the Jacobsons, doing business as Chicago Dressed Beef Co. and Chicago Beef Co., Inc.] to dismiss the third-party complaint of Mid-Hudson. The plaintiff's complaint alleges breach of an agreement between Schroeder and the Mid-Hudson Packing Co., Inc. The agreement was for the purchase by Mid-Hudson of six carloads of assorted meat, at an agreed price of $69,949.90. The complaint alleges that plaintiff delivered the six cars to defendant and that defendant duly accepted and retained them; that no part of the $69,949.90 has been paid except the sum of $60,270.63, leaving a balance due of $9,679.27 for which judgment is demanded.

The complaint tells only part of the story, according to Mid-Hudson. The answer admits the agreement and the delivery of the six carloads and then alleges that prior to July 20, 1948, Mid-Hudson accepted and paid for only one of the six carloads, and that plaintiff through an agent (Karp) entered into an agreement with Mid-Hudson whereby Mid-Hudson agreed to pay the Jacobsons, doing business as Chicago Dressed Beef Co., $3,745.-51, and plaintiff agreed to release the Mid-Hudson and to deliver the remaining five carloads to the Jacobson's company, and to receive the payment for the five carloads from the Jacobson's Chicago Dressed Beef Co., and that plaintiff accordingly received payment for the five carloads from the Jacobson's Chicago Dressed Beef Co.

The original third-party complaint of Mid-Hudson pleads two cross-claims against Karp, and a cross-claim against the Jacobsons, doing business as Chicago Dressed Beef Co., under a "doing business as" certificate filed in New York County December 28, 1944. The cross-claim against the Jacobsons, doing business as Chicago Dressed Beef Co., alleged that they knew the terms of the said agreement made with Schroeder through Karp and undertook to perform its terms and did receive from Mid-Hudson the $3,745.51 above mentioned, but that they failed to perform the agreement. Judgment over against them is asked, for whatever sum may be recovered by plaintiff against Mid-Hudson.

An amended third-party complaint alleges that Chicago Beef Co., Inc., is a Massachusetts corporation, which is doing business in New York, and according to

the Jacobsons is the real third-party defendant, not the Jacobsons, doing business as Chicago Dressed Beef Co.

On this motion the impleaded defendants, Jacobson and Chicago, ask that the third-party complaint as against them be dismissed as not within the scope of Rule 14, F.R.C.P., 28 U.S.C.A., relating to third-party practice. Specifically, they assert that there is no diversity of citizenship between Mid-Hudson, a New York corporation, and the two impleaded defendants, the Jacobson's Chicago Dressed Beef Co., which filed a certificate to do business in New York, and the Chicago Beef Co., Inc., a Massachusetts corporation doing business in New York;[1] that the cross-claim against them does not fall under the exception "of the ancient and well-established principle that a federal court has 'ancillary' jurisdiction to complete adjudication of interrelated matters where its jurisdiction has once been competently invoked". Lesnik v. Public Industrial Corporation, 2 Cir., 144 F.2d 968, at page 973.

The question presented is this—are the issues involved in the third-party complaint against the moving third-party defendants, so closely related to the subject matter of the original suit of Schroeder against Mid-Hudson as to authorize this court to try them both in the one action, without new grounds of substantive jurisdiction appearing for the cross-claim. I believe that the issues of the plaintiff's claim and of Mid-Hudson's cross-claim are thus closely related. The cross-claim asserted by Mid-Hudson against the two moving third-party defendants is based upon what in effect is a novation in respect to the agreement pleaded in the original complaint. Indeed, the same facts are pleaded by Mid-Hudson both as a special defense to plaintiff's claim and as a cross-claim against the third-party defendants.

The motion of the third-party defendants, Jacobsons and Chicago, to dismiss Mid-Hudson's cross-claims against them is accordingly denied.

1. There would be diversity as to Chicago Beef Co., Inc.