GUY F. ATKINSON COMPANY, a corporation, Plaintiff,

v.

MERRITT, CHAPMAN & SCOTT CORPORATION, a corporation, et al., Defendants.

WINSTON BROS. COMPANY, a corporation, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Nos. 33585, 34333.

United States District Court
N. D. California, S. D.

June 20, 1956.

**834**

Johnson & Stanton and John A. Sproul, San Francisco, Cal., for Guy F. Atkinson Co.

Bronson, Bronson & McKinnon and Kirke La Shelle, San Francisco, Cal., for Merritt, Chapman & Scott Corp.

Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for Winston Bros. Co.

Lloyd H. Burke, U. S. Atty., James B. Schnake, and Wm. B. Spohn, Asst. U. S. Attys., San Francisco, Cal., for United States.

OLIVER J. CARTER, District Judge.

The basic question considered in this Memorandum is whether the United States, a defendant in both of these consolidated actions, should be permitted to inject into this litigation its claim for indemnity against Merritt, Chapman & Scott Corporation and the Savin Construction Corporation.

On two separate occasions during the time that the United States was constructing Folsom Dam under contract with Merritt, Chapman & Scott and Savin Construction Corporation, a cofferdam built in connection with that project collapsed, causing damage to the plaintiffs. The Guy F. Atkinson Company brought suit against the United States under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671 et seq., and against the Government's general contractors, Merritt, Chapman & Scott Corporation and the Savin Construction Corporation, basing federal jurisdiction over the latter defendants on a diversity of citizenship between the plaintiff and those defendants. In that suit the United States filed a cross-complaint against its general contractors and co-defendants, claiming a right of indemnity against them.

In another action, Winston Bros. Company and Al Johnson Construction Company brought suit against the United States under the Tort Claims Act, but could not join the Government's general contractors as defendants because complete diversity of citizenship between those contractors and the plaintiffs would be lacking. In that suit the United States filed a third party complaint against its general contractors, based on the same claim of indemnity raised in the Atkinson case.

In the Winston case the plaintiff moves to strike or in the alternative to dismiss the Government's third party complaint, and the third party defendants move to dismiss the third party complaint on the ground that it fails to state a claim for relief; the third party defendants also move to vacate the order permitting the filing of the third party complaint, or in the alternative to strike the third party complaint, on procedural grounds. In the Atkinson case the Government's general contractors who are defendants and cross-defendants, move to dismiss the Government's cross-complaint on the ground that it fails to state a claim for relief. These motions are the subject of this Memorandum.

The Government claims a common law right to indemnity and it also claims that its general contractors assumed the obligations of indemnitors by their contract with the Government. At the outset this Court must decide what law to apply to the solution of the problem before it. The Government's general contractors contend that California law is applicable; the Government contends that federal common law principles should be applied. Both contentions are partly correct, since this Court is of the opinion that state law should be applied to the Government's claim to common law indemnity, and that federal common law must be applied to the construction of the Government contract on which the

United States bases its claim to contractual indemnity. Turning first to the authorities on the question of whether federal or local law controls a claim to common law indemnity, guidance is found in a statement by the Supreme Court which indicates that local law applies to a claim for contribution by or against the Government. In United States v. Yellow Cab Co., 340 U.S. 543, 552, 71 S.Ct. 399, 405, 95 L.Ed. 523, the Court said:

"However, if the Act is interpreted as now urged by the Government, it would mean that if an injured party recovered judgment against the Government, the Government then could sue its joint tortfeasor for the latter's contributory share of the damages (local substantive law permitting). On the other hand, if the injured party recovered judgment against the private tortfeasor, it would mean that (despite local substantive law favoring contributory liability) that individual could not sue the Government for the latter's contributory share of the same damages."

The Government concedes here that the Yellow Cab case establishes that state law controls claims by or against the Government for contribution, but the argument is made that a different rule should be applied to claims for indemnity. The cases cited in support of this proposition generally involve a peculiarly federal matter, such as the relationship between the United States and its employees, Gilman v. United States, 347 U.S. 507, 74 S.Ct. 695, 98 L.Ed. 898, or between the United States and its military personnel, United States v. Standard Oil Co., 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067, or questions arising from the issuance by the United States of commercial paper, Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838; National Metropolitan Bank v. United States, 323 U.S. 454, 65 S.Ct. 354, 89 L.Ed. 383. But this issue has been settled for our purposes by the opinions of the Court of Appeals for the Ninth Circuit in United States v. State of Arizona, 9 Cir., 214 F.2d 389, subsequent opinion, 216 F.2d 248. The court there said 216 F.2d at page 249:

"* * * to this court the intendment of the case of United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, is that state law will apply on contribution or indemnity unless the internal management of the government is involved in some special way. Such a way is not to be found in this case."

Similarly in the case at bar, the Government's claim to common law indemnity does not involve the internal management of the Government, nor does it present a peculiarly federal question. Therefore this Court will apply California law to that claim.

■ In California the courts do not weigh the relative culpability of joint tort-feasors; accordingly there is no contribution or indemnity between them: in Dow v. Sunset Telephone & Telegraph Co., 162 Cal. 136, 139, 121 P. 379, 381, the court said, quoting from Fowden v. Pacific Coast Steamship Co., 149 Cal. 151, 157, 86 P. 178, 180:

" 'Each of the joint tort-feasors being liable for all the damage, without regard to their different degrees of culpability, when [the plaintiff's] cause of action is satisfied as to one, it is satisfied as to all.' "

And in Adams v. White Bus Line, 184 Cal. 710, 714, 195 P. 389, 390, the court said:

"Under this state of facts it is clear that neither could recover in an independent action against the other, as the negligence of each contributed to the damages resulting from the collision."

■ It is true that where liability is imposed upon one purely by operation of law, that individual may be entitled to indemnity from the actual wrongdoer, as in the case of an employer who pays for damages caused by the negligent unau-

thorized act of his employee. Johnston v. City of San Fernando, 35 Cal.App.2d 244, 95 P.2d 147; Myers v. Tranquility Irr. Dist., 26 Cal.App.2d 385, 79 P.2d 419. But the complaints in the cases at bar allege affirmative acts of negligence on the part of the Government, and the Government's claims against its general contractors based on common law indemnity recite:

> "If [the United States] is held to be liable to plaintiff for its alleged injuries in the above-entitled action on the ground that employees of [the United States] were negligent while acting within the scope of their office or employment, such negligence was trivial, excusable and secondary."

Therefore the pleadings are drawn with reference to the possibility that the Government might be found to have been negligent, and that this negligence contributed to the plaintiffs' loss, rather than to a situation in which the Government's liability, if any, would be purely formal without any affirmative negligence on the part of Government employees.

The Government quotes the following dictum from Peters v. City and County of San Francisco, 41 Cal.2d 419, 431, 260 P.2d 55, 62:

> "As noted above, the rule against contribution between joint tort-feasors admits of some exceptions, and a right of indemnification may arise as a result of contract or equitable considerations and is not restricted to situations involving a wholly vicarious liability, such as where a master has paid a judgment for damages resulting from the voluntary act of his servant. See Washington Gaslight Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 568–569, 40 L.Ed. 712; Salt Lake City v. Schubach, 108 Utah 266, 159 P.2d 149, 158–159 [160 A.L.R. 809]; Prosser on Torts (1941), pp. 1114–1117; 1 Freeman on Judgments (5th ed.), § 477, p. 980."

In the same opinion the court also said, 41 Cal.2d at page 430, 260 P.2d at page 62:

> "We are not presented with the problem whether the city might have a right over against the Duques in the event it pays the judgment and the jury returns a verdict against the property owners on a new trial, and nothing we say here should be taken as indicating our views on that matter. See, generally, Adams v. White Bus Line, 184 Cal. 710, 714, 195 P. 389; Dow v. Sunset Telephone & Telegraph Co., 162 Cal. 136, 121 P. 379."

The court made it clear that the question of contribution or indemnity was not before it. The only California cases on this subject cited by the court are the Adams and Dow cases, which are relied upon here. Accordingly the law of California is taken by this Court to be as stated in 26 Cal.Jur.2d 348:

> "Neither joint tortfeasors nor persons who contribute to the cause of an injury for which damages are awarded are entitled to indemnity."

Since the pleadings here contemplate the situation that would arise if employees of the United States were found to be guilty of negligence which contributed to the plaintiffs' loss and since California law does not permit indemnity in favor of one whose negligence contributes to the loss, the portions of the Government's claims which are based on an alleged right to common law indemnity will be dismissed.

Considering the Government's claims to contractual indemnity, in United States v. State of Arizona, supra, the Court of Appeals expressly reserved the question of whether local law or federal common law is applicable to such a claim. The court there said, 214 F.2d at page 392 note 2:

> "Upon the state of the record, this court cannot consider any contractual indemnity right, as none was

pleaded in the third party complaint filed by the United States."

■ But there is considerable authority for the proposition that Government contracts are to be construed according to general principles of contract law, rather than interpreting them according to state law. In Priebe & Sons v. United States, 332 U.S. 407, 411, 68 S.Ct. 123, 125, 92 L.Ed. 32, the Supreme Court made this statement:

"It is customary, where Congress has not adopted a different standard, to apply to the construction of government contracts the principles of general contract law. United States v. Standard Rice Co., 323 U.S. 106, 111, 65 S.Ct. 145, 147, 89 L.Ed. 104, and cases cited. That has been done in other cases where the Court has considered the enforceability of 'liquidated damages' provisions in government contracts. United States v. Bethlehem Steel Co., 205 U.S. 105, 120–121, 27 S.Ct. 450, 455, 456, 51 L.Ed. 731; Wise v. United States, 249 U.S. 361, 365–366, 39 S.Ct. 303, 304, 63 L.Ed. 647. We adhere to those decisions and follow the same course here."

There are also important considerations of policy that make it preferable to apply federal common law rather than local law to the interpretation of Government contracts. The contract involved here pertains to the construction of a large dam. A project of such magnitude ordinarily can be undertaken only by the Federal Government, and the Government is engaged in such monumental construction in various parts of the country. Obviously it is highly desirable that the contracts which are necessarily involved in such projects receive a uniform interpretation in the courts. Therefore this Court will apply general principles of contract law to the questions that arise in connection with the contract before it.

■ The contract under consideration here is quite complex. At least two of its pertinent provisions were changed by agreement of the parties while the work was in progress. The meaning of these provisions is in dispute, and the facts surrounding the framing of the disputed provisions will be necessary to a proper interpretation of the contract. The Government's general contractors contend that the contract in question cannot be construed to indemnify the United States against the consequences of its own negligence in the absence of an express provision to that effect, and California authorities are cited in support of this contention; but this is not necessarily true according to federal common law (see Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 76 S.Ct. 232), and it is the federal law of contracts that must be applied here. Therefore the motions to dismiss the cross-complaint and third party complaint for failure to state a claim will be denied as to those portions of the cross-complaint and third party complaint that are based upon the contract between the Government and its general contractors.

■ With regard to the motions attacking the third party complaint in the Winston case on procedural grounds, it is the opinion and conclusion of this Court that the ends of justice will best be served by settling the inter-related rights of the various parties in one suit, and therefore these motions will be denied.

Counsel for the United States shall prepare an appropriate order in conformity with this Memorandum, denying the motion of the plaintiffs in the Winston case to strike or in the alternative to dismiss the third-party complaint; denying the motion of the third-party defendants in the Winston case to vacate the order permitting the filing of the third-party complaint or in the alternative to strike the third-party complaint; and denying the motions in both cases to dismiss the third-party complaint and the cross-complaint on the ground that they fail to state a claim for relief, but dismissing the "Fifth Claim" of the third-party complaint in the Winston

# 838

case, and the "Fifth Cross-Claim" of the cross-complaint in the Atkinson case on the ground that they fail to state a claim for relief.