Aldo SCHINELLA, Joseph Lleonart and David C. Sill, Plaintiffs,

v.

IRON WORKERS UNION LOCAL 361, Defendant and Third-Party Plaintiff,

Joseph FREDERICKS, as President of Sheet Metal Workers' International Association, Local No. 55, an unincorporated association consisting of more than seven persons, Third-Party Defendant.

Civ. No. 16817.

United States District Court
E. D. New York.

March 12, 1957.

Harold Stern, New York City, for third-party plaintiff, in opposition.

Thomas J. Burns, Brooklyn, N. Y., by Sidney O. Raphael, New York City, for third-party defendant, for the motion.

RAYFIEL, District Judge.

The plaintiffs, employees of Park Row Roofing Company Inc., hereinafter called

Park Row, and members of Sheet Metal Workers International Association, Local Number 55, hereinafter called Local 55, sue the defendant, Iron Workers Union Local 361, hereinafter called Local 361, for damages for alleged violations of Section 187 of Title 29, U.S.C.A. Local 361, pursuant to Rule 14, of the Federal Rules of Civil Procedure, 28 U.S.C.A., impleaded Local 55, alleging, *inter alia*, that if it (Local 361) is liable to the plaintiffs, it should be indemnified by Local 55 for any judgment the plaintiffs may recover against it. Local 55 now moves to dismiss the third-party complaint served upon it.

The facts, briefly, are as follows: The Republic Aviation Corporation, hereinafter called Republic, hired Fischer-Malik, Inc., as general contractor, to construct additions to its plant at Farmingdale, Long Island. Fischer-Malik, Inc., in turn, hired Park Row, as a sub-contractor, to perform certain sheet-metal work in connection therewith, including the installation of aluminum corrugated sheeting, less than three inches in width, between centers fastened to structural steel.

Prior thereto, and on February 6, 1952, the International Iron Workers Union and the Sheet Metal Workers' International Union, the parent bodies of Local 361, and Local 55 respectively, had entered into an agreement which provided that "1. The installation of all ferrous, non-ferrous, and/or protected metal corrugated sheeting 5″ or less, between centers of corrugation on steel frame construction, shall be the work of Iron Workers." Because of said provision Local 361 complained to Fischer-Malik, Inc., claiming that its members, and not the members of Local 55, should be employed to install the aluminum corrugated sheeting in question. Both Local 361 and Fischer-Malik, Inc. submitted the controversy to the National Joint Board for the Settlement of Jurisdictional Disputes in the Building and Construction Industry, Inc., hereinafter called the National Joint Board, which had been set up by the Building & Construction Trades Department of the American Federation of Labor, of which the parent bodies of both local unions were members, to settle jurisdictional disputes such as occurred here. The National Joint Board decided that the disputed work should be performed by iron workers, members of Local 361, and thereupon Fischer-Malik, Inc. awarded the work to them. The plaintiffs, who were discharged by reason of the decision, then commenced this action, claiming that they had sustained damages as a result of the acts of Local 361, which were violative of Section 187 of Title 29, United States Code Annotated.

The statute in question reads as follows: "(a) It shall be unlawful, for the purposes of this section only, in an industry or activity affecting commerce, for any labor organization to engage in, or to induce or encourage the employees of any employer to engage in, a strike or a concerted refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services, where an object thereof is—

\* \* \* \* \* \*

"(4) forcing or requiring any employer to assign particular work to employees in a particular labor organization or in a particular trade, craft, or class rather than to employees in another labor organization or in another trade, craft, or class unless such employer is failing to conform to an order or certification of the National Labor Relations Board determining the bargaining representative for employees performing such work. \* \* \*

"(b) Whoever shall be injured in his business or property by reason or (so in original) any violation of subsection (a) of this section may sue therefor in any district court of the United States subject to the limitations and provisions of section 185 of this title without respect to the amount in controversy, or in any other court having jurisdiction of the parties, and shall recover the damages by

him sustained and the cost of the suit." (Matter in parenthesis added.)

Local 361 denied the allegations of the plaintiffs' complaint and set up, as an affirmative defense, the foregoing facts. It also impleaded Local 55 claiming that if it (Local 361) should be held liable to the plaintiffs, Local 55 should indemnify it because the damages allegedly sustained by the plaintiffs resulted from the action of Local 55 in failing and refusing to abide by the agreement of February 6, 1952.

Local 55 bases its attack on the third-party complaint on the following four grounds:

1. Section 187 of Title 29, U.S.C.A. being a public policy statute, cannot be made the basis for third-party relief or indemnity.

2. Local 55 should have been sued as an entity under its common name and not in the name of its president.

3. The statute under which plaintiffs are proceeding does not provide for any claim over by way of indemnity or contribution.

4. The third-party complaint is defective because of its failure to allege diversity of citizenship and that the claim is for more than $3,000.

■ As to the first and third contentions, Local 361 bases its third-party complaint not on Section 187, supra, but on the contract which was entered between its parent body and the parent body of Local 55. It contends that the breach, if any, of the statute in question was brought about by the failure of Local 55 to abide by said agreement, and not by any conduct on its part. It asserts that the decision of the National Joint Board vindicated its claim that *its* members, and not those of Local 55, had the right under the said agreement to perform the work in question, and, therefore, that it is entitled to indemnification from Local 55 if it (Local 361) should be held liable to the plaintiffs.

In my opinion the third-party complaint alleges a valid claim over against Local 55, based on the breach of the agreement. Local 55 cites no authorities in support of its position, except cases which hold that there can be no contribution between tort-feasors, and that one of two tort-feasors may not proceed against the other until after the recovery of judgment against him. Those cases are inapposite, and have no relevancy to the claim under the third-party complaint herein, which is for indemnity for the alleged breach of an agreement. The claim over is based, not upon the statute in question, but upon common-law liability. I therefore reject Local 55's argument that the statute does not provide for any claim over by way of indemnity or contribution.

■ Local 55's fourth contention is best answered by Professor Moore in his work on Federal Practice, Second Edition, Volume 3, Section 14.26 at page 496, when he says: "The other situation involving difficulty, then, is the case where there is no diversity of citizenship between the defendant C.D. and the third-party E.F. to support federal jurisdiction of the claim asserted by C.D. against E.F. *As stated in 14.25, supra, it is our view that the third-party claim should be regarded as ancillary to the main claim, and that no independent jurisdictional ground (such as diversity and jurisdictional amount) should be required.* The great weight of authority is in accord with this view." (Emphasis added.)

■ There is merit, however in the second ground urged by Local 55 in support of its motion, and as to that, leave is given to Local 361 to serve and file within ten days after the entry of the order herein an amended third-party complaint in which the title of the third-party defendant will be changed to comply with Rule 17(b) (1) of the Federal Rules of Civil Procedure, failing which the motion of the third-party defendant is granted.

Settle order on notice.