Barbara BRAUN and George Braun, Plaintiffs,

v.

The HECHT COMPANY, Max Abramson, Inc. and Maida Holding Corporation, Defendants.

United States District Court
S. D. New York.
Sept. 23, 1957.

Fisch & Shepard, New York City, for plaintiffs, Abraham M. Fisch, New York City, of counsel.

Thomas F. Keane, Brooklyn, N. Y., for defendants, Francis P. Cunnion, Brooklyn, N. Y., of counsel.

DAWSON, District Judge.

This is a motion by defendants to implead as parties to this action Harold Friend, Harold Bernstein and Lewis Rusoff, and to serve a summons and complaint upon them. Fed.R.Civ.P. 14(a), 28 U.S.C.A. Plaintiff is resisting this motion on the grounds that (1) no diversity of citizenship exists between the original defendants and those third-party defendants they seek to implead, and (2) the relief sought should be denied because now barred by laches.

Plaintiff Barbara Braun claims that on September 23, 1955, while a customer in a department store owned by defendant Maida, leased to defendant Hecht and operated by defendant Abramson, she fell and was seriously injured due to the negligence of defendants who permitted a defect in the floor to exist as a hazard to those shopping on the premises. Defendant in the moving papers alleges that third-party defendants, as lessees in complete control of the area where the claimed accident occurred, were responsible for any dangerous condition which might have resulted. Therefore they allege that third-party defendants would be liable to the original defendants for any losses the latter might suffer as a consequence of this suit.

As to the lack of diversity of citizenship between the original defendants and those they seek to implead, the authorities appear clear that no such requirement of diversity is contemplated by the statute.

"Clearly a third-party claim by a defendant that a third person is liable to him for all or part of the claim in suit is so closely involved with the subject matter of the action as to be regarded as ancillary thereto. Thus if the court has jurisdiction of the principal action, it needs

no independent grounds of jurisdiction to entertain and determine the defendant's third-party claim." 1 Barron and Holtzoff, Federal Practice and Procedure, § 424 (1950). See also 3 Moore, Federal Practice, § 1426 (2d ed. 1948); Saba v. Emil Katz & Co., D.C.S.D.N.Y.1944, 55 F.Supp. 1000; Schroeder v. Mid-Hudson Packing Co., D.C.S.D.N.Y.1952, 13 F.R.D. 508; Morrell v. United Air Lines Transport Corp., D.C.S.D.N.Y.1939, 29 F.Supp. 757; Pyzynski v. New York Cent. R. Co., D.C.W.D.N.Y.1946, 7 F.R.D. 302.

Since most of the issues of fact and of liability as to the original defendants and as to the proposed third-party defendants are substantially the same, and since the proposed third-party defendants are or may be liable to the original defendants for all or part of the plaintiffs' claim against them, this is a claim properly within the scope of Rule 14.

Plaintiffs have also objected to this motion on the ground of laches in that the complaint was brought in January of this year, answer was served in February, and the case is presently on the trial calendar, although it has not yet been assigned for trial.

A motion under Rule 14 is a matter for the discretion of this Court. Motions under this rule should most properly be made as soon as possible after the filing of the pleadings in the suit. However, we must balance the possible delay in the trial of this case against the aim of Rule 14 to avoid circuity of litigation and the bringing of additional unnecessary actions in the courts. Under the circumstances of this case, the Court does not feel that there would be delay or prejudice to the plaintiffs which would be substantial enough to warrant the denial of this motion. See, 3 Moore, Federal Practice, par. 14.05, and cases cited therein.

For these reasons, the motion of defendants to implead third-party defendants Harold Friend, Harold Bernstein and Lewis Rusoff is granted. So ordered.