Walter FONG, Yee Shee Fong and Ying Fong, Plaintiffs,

v.

UNITED STATES of America and Hutchinson Co., a corporation, Defendants.

Luta KING and Jackson King, Plaintiffs,

v.

UNITED STATES of America and Hutchinson Co., a corporation, Defendants.

Thomas Joseph HICKOK and Sarah Mabel Hickok, Plaintiffs,

v.

UNITED STATES of America and Hutchinson Co., a corporation, Defendants.

Civ. Nos. 7177, 7178, 7180.

United States District Court
N. D. California, N. D.

Dec. 2, 1957.

late that Act. Cf. United States v. Lefkowitz, 285 U.S. 452, at pages 462–464, 52 S.Ct. 420.

**386**

Stanley J. Gale, Sacramento, Cal., for plaintiffs Fong and King.

Malone, Dennis & Schottky, Sacramento, Cal., for plaintiffs Hickok.

Lloyd H. Burke, U. S. Atty., and Robert E. Woodward, Asst. U. S. Atty., Sacramento, Cal., for defendant and third-party plaintiff.

Archibald D. McDougall and Richard E. Good, Sacramento, Cal., for Hutchinson Co.

Fitzwilliam & Memering and John D. Stumbos, Jr., Sacramento, Cal., for Elmer G. Wendt, successor to Heringer & Co.

HALBERT, District Judge.

These three actions arise out of the deaths of three persons, occurring when the car in which they were riding plunged into the Sacramento River near the Paintersville Bridge. From the al-

legations of the complaints, it appears that the United States, defendant in all three actions, was in the process of conducting repair and improvement operations on the levee upon which was the road, which was traveled by the decedents prior to the tragedy. The United States is sued under the provisions of the Federal Tort Claims Act (28 U.S. C.A. §§ 1346(a), and 2671 et seq.), on the theory that it was negligent in leaving the levee in a condition inviting the kind of accident which occurred in these cases. The issue presently before the Court is whether the Hutchinson Company (hereinafter referred to as Hutchinson), under contract with the United States for the levee work, may be brought in as a third-party defendant, under Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A., by the United States, and whether Elmer G. Wendt (successor to Heringer and Company, under contract with Hutchinson for some of the levee work) may be brought in by Hutchinson as a third-party defendant under Rule 14(a), supra, if Hutchinson can properly be made a third-party defendant in the action.

Upon motion by the United States, this Court ordered the joinder of Hutchinson as a party defendant on September 27, 1955. Up to the date on which the instant motion was filed, no objection was raised by anyone to the making of Hutchinson a defendant in the action. On July 17, 1956, Hutchinson filed a third-party complaint against Wendt, which Wendt answered on August 27, 1956. Pursuant to a stipulation between the United States and Hutchinson, an order was made by the Court on November 21, 1957, amending the pleadings in such a manner that Hutchinson would be designated as a third-party defendant, rather than a co-defendant with the United States. Is should be noted, however, that *no third-party complaint has ever been filed by the United States against Hutchinson.* It is, however, made to appear from the arguments of the parties that the United States would seek to bring in Hutchinson as a third-party defendant, on the theory that Hutchinson is liable to it for any amount which might be recovered against it by the plaintiffs, herein, by reason of a purported contract of indemnity.

The plaintiffs object to the presence of Hutchinson and Wendt in this action for two asserted reasons. First, they contend that there is no independent basis for jurisdiction between plaintiffs, on the one hand, and Hutchinson and Wendt, on the other hand, because there is an absence of the requisite diversity of citizenship. Secondly, plaintiffs contend that they would, in essence, be forced to try their lawsuit against two defendants whom they did not choose to sue in the first instance. This, they contend, violates the spirit of Rule 14 of the Federal Rules of Civil Procedure.

## I.

### Hutchinson as a Third-Party Defendant

Since the amendment to Rule 14 (a), supra, in 1946, removing the provisions which entitled *the defendant* to bring in a third party who may be liable to *the plaintiff*, the objection raised by plaintiffs herein that they would be forced to sue a defendant not of their own choosing lacks substance (See: 3 Moore, Federal Practice, § 14.27). As Rule 14(a) is now drawn, the defendant may only bring in a third-party defendant under that Rule, if that party would be liable for "all or a part of plaintiff's claim against him". Hence, it has been said that the third-party proceeding is within the ancillary jurisdiction of the Court (Glens Falls Indemnity Co. v. United States, 9 Cir., 229 F.2d 370, 373, 374; 3 Moore, Federal Practice, § 14.-26), and, thus, the existence of an independent basis for jurisdiction as between the plaintiff and the third-party defendant is an irrelevant consideration (Cf.: Schetter v. Housing Authority of City of Erie, D.C., 132 F.Supp. 149, 153).

However, the aforementioned considerations are only applicable if the

prospective third-party defendant is, or may be, liable to *the defendant* under the substantive law. If the United States were attempting to bring in Hutchinson as a joint tort-feasor merely for the purpose of compelling contribution, the third-party complaint would be improper, in this instance, for under the substantive law of California (which law controls on the question of contribution. See: United States v. State of Arizona, 9 Cir., 214 F.2d 389, and petition for rehearing denied 9 Cir., 216 F.2d 248) as between joint tort-feasors, one is not liable to the other for contribution (Adams v. White Bus Lines, 184 Cal. 710, 714, 195 P. 389; and Dow v. Sunset Tel. & Tel., 162 Cal. 136, 139, 121 P. 379). If, on the other hand, the United States were attempting to plead a cause of action for indemnification based upon a contractual relationship between it and Hutchinson, then the third-party complaint would state a recognizable claim, and thus be properly within the ancillary jurisdiction of the Court (Guy F. Atkinson Co. v. Merritt, Chapman & Scott Corp., D.C., 141 F.Supp. 833, 837; and cf.: Peters v. City and County of San Francisco, 41 Cal.2d 419, 431, 260 P.2d 55 [although the law seems to be clear that where government contracts are involved, federal common law rather than state law governs issues of interpretation. See: Atkinson case, supra, 141 F.Supp. at pages 836–837]).

The propriety of the third-party proceedings against Hutchinson, then, appears to be dependent upon the existence of a claim against it arising out of some contractual provision for indemnification of the United States.

█ Obviously, it would thwart the purpose of third-party proceedings established by the 1946 amendment, noted supra, if the United States were to be permitted to force the plaintiffs herein to try their actions against Hutchinson and Wendt, whose respective scopes of duty to plaintiffs may, for the purposes of proving negligence, differ from that owed to plaintiffs by the United States. Accordingly, the plaintiffs should be entitled to prove their case against the United States on the basis of the negligence of the United States, *as such negligence relates to plaintiffs,* alone (See: Benson v. United States, D.C., 150 F. Supp. 610, 611, 612, for the general areas of such possible liability).

█ It follows, however, that under the law noted above the United States should be permitted to file a third-party complaint against Hutchinson· for the purpose of stating a claim based upon a contractual indemnity (cf.: Sullivan v. United States, D.C., 120 F.Supp. 217, 218; and 3 Moore, Federal Practice, § 14.29).

## II.

### Wendt as a Third-Party Defendant

██ The last sentence of Rule 14 (a), supra, states the rule permitting one third-party defendant to become a third-party plaintiff and bring in another third-party defendant. Since a third party claim falls within the ancillary jurisdiction of the Court (3 Moore, Federal Practice, § 14.26; 1 Barron & Holtzoff, Federal Practice & Procedure, § 424), there is no requirement that diversity of citizenship between the third-party plaintiff and the third-party defendant (or other basis for jurisdiction, for that matter) exist (See: e. g., Schinella v. Iron Workers Union, D.C., 149 F.Supp. 5; and Braun v. Hecht, D.C., 21 F.R.D. 391.

█ Since the third-party complaint filed by Hutchinson against Wendt in these proceedings is based upon an alleged contractual provision between Hutchinson and Wendt for indemnification by Wendt, in the event of Hutchinson's liability in connection with the levee operations, it is clearly of the type contemplated by the draftsmen of Rule 14.

Plaintiffs have made a motion to inspect any agreements between the defendant, United States, and Hutchinson.

In view of the conclusions which have been reached by the Court, this motion has in effect become moot. In all events, there is no need now, and there may never be any reason, for the granting of this motion, which plaintiffs have made.

These three cases are now set for trial before this Court on December 10, 1957. It is obvious that the pleadings cannot be in proper order by that time, and that, therefore, they cannot be tried on that date.

It Is, Therefore, Ordered that as to each of these three cases that plaintiffs' motion to dismiss the third-party defendants, Hutchinson and Wendt, be, and the same is, hereby denied without prejudice;

It Is Further Ordered that as to each of these three cases that defendant, United States of America, be given 15 days in which, if it chooses, to file a third-party complaint against Hutchinson which will conform to the rules of law hereinabove set forth;

It Is Further Ordered that as to each of these three cases that the answer of third-party defendant, Hutchinson, to plaintiffs' complaints on file in each of said actions be, and the same is, hereby stricken from the respective records;

It Is Further Ordered that third-party defendant, Hutchinson, be granted the time allowed by law within which to plead to any third-party complaint, which may be filed against it by the defendant, United States of America;

It Is Further Ordered that plaintiffs' motion to inspect any agreements between the United States of America and Hutchinson Company, relating to indemnification of the United States by Hutchinson be, and the same is, hereby denied without prejudice;

And It Is Further Ordered that these cases, and each of them, be dropped from the trial calendar of this Court, subject to their being reset on motion made pursuant to law and the rules of this Court.