Elpidio **FERREIRA**, Plaintiff

v.

**SAWAYAMA–KISEN KK** and Osaka Shosen Kaisha, Ltd., Defendants.

**SAWAYAMA STEAMSHIP CO., Ltd.,** Defendant and Third Party Plaintiff

v.

**RAMAR STEVEDORES, INC.,** Third Party Defendant.

United States District Court S. D. New York. Jan. 30, 1959.

Standard, Weisberg, Harolds & Malament, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant and third-party plaintiff, Edward J. Hale, New York City, of counsel.

William J. Kenney, New York City, for third-party defendant.

DIMOCK, District Judge.

The answer of defendant and third party plaintiff contains, as a third defense, a claim of lack of jurisdiction.

Plaintiff moves to strike this defense or, if that motion is denied, for an order transferring the cause to the admiralty calendar of this court.

Plaintiff, a foreign citizen, brings this civil action against two foreign corporations for injuries allegedly sustained while working aboard a vessel known as the S.S. Alaska Maru while it was in the navigable waters of the United States. Plaintiff alleges in the complaint that defendants owned, operated and controlled the S.S. Alaska Maru, that at the time of the injury plaintiff was a longshoreman in the employ of Ramar Stevedores, Inc., that plaintiff was a business invitee of the defendants aboard the S.S. Alaska Maru, and that plaintiff sustained the injuries by reason of the negligence of defendants, their agents, servants and employees, and/or the unseaworthiness of the vessel, including the improper manner in which cargo and freight had been stored, and the failure of defendants to provide plaintiff with a safe and adequate place in which to be and work under proper and suitable conditions of work.

Defendant Sawayama Steamship Co., Ltd., sued as Sawayama-Kiben KK, pursuant to order of this court served a third party complaint upon Ramar Stevedores, Inc., a New York corporation and plaintiff's employer, as third party defendant. In the answer to the complaint, in addition to specific answers to plaintiff's allegations, defendant Sawayama Steamship Co., Ltd. set forth as a third defense that "the complaint fails to state a claim upon which relief can be granted." It is this defense which is the subject of this motion.

The defense rests on the proposition that there is a lack of civil jurisdic-

tion over this action because there is no diversity of citizenship between plaintiff and defendant. Plaintiff argues that the court has jurisdiction by virtue of the United States Constitution, Doucette v. Vincent, 1 Cir., 194 F.2d 834, and by reason of the fact that defendant has impleaded a New York corporation.

While it is true that the First Circuit, in Doucette v. Vincent, supra, held that a suit based upon the general maritime law necessarily "arises under the Constitution" within the meaning of section 1331 of title 28 U.S.Code, the rule in this Circuit is different. In Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 221 F.2d 615, 619, it was held that, "cases * * * in which the general maritime law is the sole substantive basis for awarding the relief claimed in the complaint" were excluded from the scope of section 1331. See also Bartholomew v. Universe Tankships, Inc., 2 Cir., 263 F.2d 437. In Paduano, as here, a non-citizen longshoreman brought an action against a foreign corporation, not his employer, for injuries allegedly sustained on a vessel owned by the foreign corporation. There, as here, plaintiff alleged negligence and unseaworthiness. The court was held to lack jurisdiction on the law side.

■ Plaintiff cannot find comfort in Judge Lumbard's concurring opinion in the Bartholomew case, supra, which suggested that the Jones Act itself might confer jurisdiction on the law side of a federal court of an unseaworthiness action "if the jurisdictional requirements of 28 U.S.C. § 1331 (1952) are otherwise met, whether or not a negligence count under the Act is pleaded, provided only that the plaintiff is of the class which is covered by the Act as currently construed." Under this suggestion the Jones Act would be the basis of jurisdiction, but, under the facts involved here, the Jones Act is inapplicable. The Supreme Court, ˙ Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, held that the Act granted a right of recovery only against employers; no employer-employee relationship exists here between plaintiff and defendant.

■ There was therefore no jurisdiction over this action on the law side when the complaint was filed. The next question is whether jurisdiction was obtained when defendant served a third party complaint on Ramar Stevedores, Inc., a New York corporation, and plaintiff's employer.

Plaintiff argues that the impleading of a New York corporation, a corporation of diverse citizenship from defendant and third party plaintiff, conferred jurisdiction on the court over the whole controversy. No case is cited in support of this argument.

Rule 14(a), F.R.Civ.P., provides that a defendant, under the conditions there specified, may "serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." This rule is a procedural device to promote the convenience of the court and the third party plaintiff by allowing one lawsuit to serve the function of two. In accordance with the purpose of the rule it has been held that, where the court has jurisdiction over plaintiff's claim against defendant, independent jurisdictional grounds are not required over an "ancillary" third party claim, the principal claim in the figure of speech representing the mistress and the third party claim representing the "ancilla". Sheppard v. Atlantic States Gas Co., 3 Cir., 167 F.2d 841, 845; Schroeder v. Mid-Hudson Packing Co., D.C.S.D.N.Y., 13 F.R.D. 508; see also Lesnik v. Public Industrial Corporation, 2 Cir., 144 F.2d 968, 973–974. The court gives admittance to the handmaiden because she is needed for the service of the mistress.

Here, however, it is the third party claim which has the requisite diversity of citizenship. There is no jurisdiction to entertain the plaintiff's action on the civil side. It is the handmaiden only who has the right of entry. The mistress who seeks entry cannot say that she is

needed for the service of the hand-maiden.

The third party claim cannot confer upon the court jurisdiction over the claim asserted by the plaintiff.

In accordance with plaintiff's request if his motion to strike defendant's third defense was denied, the case is transferred to the admiralty calendar of this court.

Motion to strike denied.

Motion to transfer to admiralty calendar granted.

So ordered.